CAREY, Appellant, vs. INDUSTRIAL COMMISSION OF WIS-
CONSIN and others, Respondents.

*May 7—June 18, 1923.*

*Workmen's compensation: Inferences drawn by industrial commis-
sion from undisputed facts: Weight: Death of employee:
Hazard common to public.*

1. Where an employee sustains injuries from a hazard not pecul-
   iar to the industry but common to the public, he is not enti-
   tled to compensation therefor under the workmen's compen-
   sation act.
2. Inferences from facts made by the industrial commission in a
   proceeding under the workmen's compensation act are as
   binding and conclusive upon the court as are the findings
   made by the commission upon disputed facts, and nothing
   short of fraud can vitiate such findings if supported by the
   evidence.
3. The question whether the hazard from which the injury for
   which compensation is claimed arose was greater by reason
   of the employment is one of fact merely.
4. Where an employee of a contractor doing road construction
   work, seeing a storm approaching, unhitched his team and
   with other teamsters went to a barn hired by his employer
   for stabling the horses, and while there was killed by the
   collapse of the barn during the storm, such employee met
   his death by a hazard common to the public and not peculiar
   to his employment.

APPEAL from a judgment of the circuit court for Dane
county: GEORGE THOMPSON, Judge. *Affirmed.*

Workmen's compensation. Death claim. On the 19th
day of August, 1921, Michael Carey, the deceased husband
of the plaintiff, met his death while employed by the defend-
ant *Martin Joyce* at road work. The evidence relating to
the manner of his death is not in dispute. It appears that
Carey, at the time of his death, was engaged with twenty-
five other men in the construction of a trunk line highway at
a point west of Verona in Dane county. About 4 o'clock in
the afternoon a storm came up from the west, and Carey,
either at the direction of the foreman or upon his own

motion, unhitched his team, and he with other teamsters went to a barn on the Riley farm. The stall in which Carey kept his horses was in the northwest corner of the basement of the barn between the driveway and the corner of the barn. The barn was rented by *Joyce* for the purpose of stabling the horses. While Carey with other teamsters was in the basement the storm struck the barn with great force, causing it to crack and creak. Carey was heard to holler "Whoa," the barn collapsed under the force of the storm, and Carey was killed by the falling débris. Of the six or seven men who were in the basement together Carey was the only one killed, although some of the horses were killed. The *Commission* was of the opinion that Carey was not, by reason of his employment and the circumstances surrounding it, exposed to any hazard which was peculiar to the work in which he was employed at the time or which was rendered especially great because of his employment, and therefore found that "he did not die because of any injury which grew out of or was incidental to his employment so as to entitle the applicant herein to any death benefit." The application of the plaintiff was therefore denied and dismissed. This action was brought in the circuit court for Dane county to review the award, and the award of the *Commission* was affirmed. From the judgment of affirmance plaintiff appeals.

For the appellant there was a brief by *Fiedler, Fiedler, Jackson & Boardman* of Mineral Point and *E. C. Fiedler* of Beloit, and oral argument by *E. C. Fiedler*.

For the respondent *United States Fidelity & Guaranty Company* there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins*.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

ROSENBERRY, J.   In his opinion the trial court said:

"Here, in my opinion, is a case where different reasonable inferences can be drawn from the undisputed facts, and the inferences drawn by the *Commission,* having a sufficient basis in the evidence, cannot be disturbed by the court, the findings having all the conclusive effect of findings on conflicting evidence.   *Lewis v. Industrial Comm.* 178 Wis. 449, 190 N. W. 101."

It is contended by the plaintiff that, the facts being undisputed, the question of whether or not the plaintiff is entitled to compensation is a question of law.   This court early adopted the doctrine that where an employee sustained injuries from a hazard which was not peculiar to the industry but from one which was common to the public, he was not entitled to compensation therefor.   *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996.

As applicable to the facts in this case, the rule is well stated in *Central Ill. Pub. S. Co. v. Industrial Comm.* 291 Ill. 256, 126 N. E. 144, 13 A. L. R. 967, where it is said:

"We believe the reasonable rule to be that if deceased, by reason of his employment, was exposed to a risk of being injured by a storm which was greater than the risk to which the public in that vicinity was subject, or if his employment necessarily accentuated the natural hazard from the storm, which increased hazard contributed to the injury, it was an injury arising out of the employment, although unexpected and unusual."

The *Industrial Commission* found that the hazard was not accentuated by reason of the employment of the deceased and that he died from a hazard which was common to the public.   This is an inference or conclusion drawn by the *Commission* from the undisputed facts, and, as has been repeatedly pointed out, the inferences from facts made by the *Commission* are as binding and conclusive upon the court as are the findings made by the *Commission* where

the facts themselves are in dispute. Nothing short of fraud can vitiate the findings of the *Commission* if there is any support for them in the evidence. *Lewis v. Industrial Comm.* 178 Wis. 449, 190 N. W. 101.

No legal relation nor status is involved in the solution of the question which is decisive of the case. No principle of law can be applied to the undisputed fact which determines the result, as in a case where the question is whether the relation of employer and employee existed. A legal definition of the word "hazard" does not furnish the solution of the ultimate question. The question here is not whether or not there was a hazard, but whether or not the hazard to the deceased was greater by reason of his employment. This seems to be just as much a question of fact as an inquiry as to the distance between two points. Certainly no legal relation is involved. *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452.

In this case the deceased, in common with other men employed in the work, together with persons not employed but who were in the vicinity, took refuge in the barn, and were in a place of supposed safety when, by reason of a violent and unprecedented storm, the barn was moved from its foundation and Carey was killed by the falling débris. Upon these facts the *Commission* concluded, and we think rightly, that the deceased met his death from a hazard common to the public and not peculiar to his employment. His employment neither caused nor contributed to his injury, and in that respect the case is clearly distinguishable upon the facts from *Central Ill. Pub. S. Co. v. Industrial Comm.* 291 Ill. 256, 126 N. E. 144. There an employee was engaged in a service at the time of his death which exposed him in a way not common to the public.

*By the Court.*—Judgment affirmed.