Day, J.
 

 An examination of the agreed statement of facts herein discloses that “on the 28th day of June, 1924, a destructive tornado struck the northern section of the city of Lorain.” The tornado blew a telephone pole against the automobile in which the plaintiff in error was riding, delivering merchandise for his employer, resulting in the injury for which compensation is sought. Is such injury compensable under the Workmen’s Compensation Act and the decisions of this court interpreting the same?
 

 Ohio is one of the few states whose Workmen’s Compensation Act provides for liability “for injuries received in the course of employment,” while the majority of the states follow the English act which makes provision for compensation for “injuries received in the course of and arising out of
 
 *332
 
 the employment.” Does it follow that any and all injuries received while in the course of employment are compensable under the act, whether or not arising therefrom or in any wise connected therewith?
 

 This court has given construction to the words, “an injury in the course of employment,” and we do not feel justified in departing from such construction.
 

 In
 
 Fassig
 
 v.
 
 State ex rel. Turner, Atty. Gen.,
 
 95 Ohio St., 232, 116 N. E., 104, this court held:
 

 “The provisions in Section 35, Article II, of the Constitution, and in the statute with reference to an injury received in the course of employment refer only to an injury which is the result of or arises out of the employment. Such provisions do not cover any injury which has its cause outside of and disconnected with the employment, although the employe may at the time have been engaged in the work of his employer in the usual way. ’ ’
 

 In
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38, it is held:
 

 “2. The test of right to award from the insurance fund under the Workmen’s Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the employer, or his employes, but whether the employment had some causal connection with the injury, either through its activities, its conditions, or its environments.
 

 “3. The provisions of the law . do not cover an injury which had its cause outside of and disconnected with the business in which an injured
 
 *333
 
 workman was employed.
 
 (Fassig
 
 v.
 
 State, ex rel.,
 
 95 Ohio St., 232 [116 N. E., 104], approved and followed.) ”
 

 A tornado is one of the forces of nature which man cannot foresee and prevent, and an employe is ordinarily no more subject to injury from such source than are others; the nature of the employment not subjecting him to any more peculiar risk than any other member of the public might have been subjected to if he had been at the same place at the same time that the accident occurred. In other words, risks to which all persons similarly situated are equally exposed, whether in the employment or not, and not traceable in some special degree to the particular employment, are such as are not compensable under the statutes of this state. The fact that the injury was caused by the act of God does not, however, necessarily deprive the injured party of the right to recover under the Workmen’s Compensation Act, if the employe’s' duties exposed him to some special danger not common to the public.
 

 The record indicates that Slanina’s injuries were due to a risk common to the public generally, and not increased by the circumstances of the employment, and would not therefore be compensable within the act.
 

 Counsel have furnished the court with a number of authorities going to the question of the liability, under the Compensation Acts of various states, for injuries sustained by reason of the action of the elements. An examination of the same will disclose that the liability rests upon the rule stated
 
 *334
 
 in 13 A. L. R., 974, wherein the editor, in a note, says:
 

 “If an employe, by reason of his duties, is exposed, to a special or peculiar danger from the elements, that is, one greater than other persons in the community, and an unexpected injury is sustained by reason of the elements, the injury •constitutes an accident arising out of and in the •course of the employment, within the meaning of the Workmen’s Compensation Acts.”
 

 f Applying this rule to some of the cases cited, it will be noted that the recovery in
 
 Central Illinois Public Service Co.
 
 v.
 
 Industrial Commission,
 
 291 Ill., 256, 126 N. E., 144, 13 A. L. R., 967, was based upon the exposure of the injured man, different from the general public, because “his duties called him into proximity to such containers [steam and ammonia containers] so that he was subject to peculiar risk of injury from them, in case the building should be wrecked.” Likewise, in
 
 Reid
 
 v.
 
 Automatic Electric Washer Co.,
 
 189 Iowa, 964, 179 N. W., 323, where the foreman in a factory was killed by walls falling during a tornado, recovery was allowed upon the theory that his work, closing the windows before leaving the building, exposed him in greater degree than the general public.
 

 In
 
 Merrill
 
 v.
 
 Penasco Lumber Co.,
 
 27 N. M., 632, 204 P., 72, recovery was allowed to a lumberman where a tree was blown down during a fierce gale; the court holding that the risk of injury from the falling of trees was one naturally incident to an employment in that industry, one which both employer and employe must anticipate, and that such
 

 
 *335
 
 employes are subject to this risk in a much greater degree than the general public. Many of the other cases cited in brief of counsel are distinguishable in the same way. In the case of
 
 Ætna Life Ins. Co.
 
 v.
 
 Industrial Commission,
 
 81 Colo., 233, 254 P., 995, it might be inferred from the opinion that, if it were a matter of first consideration, a different result might have been reached.
 

 On the other hand, in the case of
 
 Carey
 
 v.
 
 Industrial Commission,
 
 181 Wis., 253, 194 N. W., 339, a recovery was denied where an employe took refuge in a barn during an unprecedented storm. The barn was moved from its foundation, and the employe killed in the falling debris.
 
 Held,
 
 the hazard was one common to the public and not peculiar to the employment.
 

 Likewise, in
 
 Gale
 
 v.
 
 Krug Park Amusement Co.,
 
 114 Neb., 432, 208 N. W., 739, 46 A. L. R., 1213, where, in an unprecedented windstorm, a building in which an employe, a painter who had stored paints therein and had taken refuge from the storm, was blown from its foundation, a recovery was denied because the injury was attributable to a peril to which the public in general was exposed.
 

 Cases bearing upon the right of recovery where compensation is claimed for injury or death due to an action of the elements may be found in 13 A. L. R., 974; 16 A. L. R., 1038; 25 A. L. R., 146; 29 A. L. R., 124; 40 A. L. R., 400; and 46 A. L. R., 1218; L. R. A., 1918F, 936; L. R. A., 1916A, 38; L. R. A., 1917D, 108. See, also, 28 R. C. L., 806; 4 R. C. L. Supp., 1859; 5 R. C. L. Supp., 1575; and 6 R. C. L. Supp., 1759.
 

 It is argued that where recoveries have been de
 
 *336
 
 nied in other states, it is because of the broader language used in the compensation statutes of such states, to wit, “arising out of such employment.” We feel, however, that in view of the construction of the Constitution and the statutes of this state, heretofore indicated in the
 
 Fassig
 
 and
 
 Weigandt cases, supra,
 
 the claimed distinction does not avail, but that in cases for injuries from the elements the liability rests upon the question whether or not the injury was due to a ■ hazard peculiar to the employment and not common to the public.
 

 Entertaining the view that this record presents a case where the employe, even though injured while in the course of his employment, received such injury as a result of the forces of nature, and from a risk and danger to which the general public was exposed, and not peculiar to the employment, it therefore follows that there can be no recovery under the terms of the Workmen’s Compensation Act. The judgment of the Court of Appeals of Lorain county is therefore affirmed.
 

 Judgment affirmed.
 

 Allen,
 
 Kinkade, Robinson, Jones and Matthias, JJ., concur.