EAGLE RIVER BUILDING & SUPPLY COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Appellants.

*May 2—June 4, 1929.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt, Jr.*

CROWNHART, J. This case presents the simple question whether an employee, engaged in outdoor work during extremely cold weather, who receives an injury by accidental freezing, is entitled to compensation under the workmen's compensation act.

From an early day, under the act there has been some confusion on this and kindred questions by reason of the decision of this court in *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996. That was a case where the workman was working in the open around a millpond, in the summer time, and was killed by a bolt of lightning; in other words, in the language of the law, by an act of God. The death was caused by no human agency, and was uncontrollable by any such agency. In that case the Industrial Commission found as facts that the deceased was not exposed to a hazard from lightning stroke peculiar to the industry or differing substantially from a hazard from light-

ning stroke of any ordinary outdoor work, and that his death was not proximately caused by accident, within the meaning of that term as used in the act. The commission and the court came to that conclusion largely by giving the language of our act in that respect the same meaning as in the English act, which compensated injuries which *grew out of* the employment, basing such construction on the report of the interim legislative committee in which the bill as enacted was presented. That committee reported:

"Compensation is paid whenever three facts appear, namely: (1) The employee was injured; (2) such injury grew out of and was incidental to his employment; (3) such injury was not caused by wilful misconduct. It makes no difference whose fault it was or who was to blame; it is sufficient that the industry caused the injury."

The *Hoenig Case, supra,* must be considered in the light of the facts there presented. The use of the phrase "peculiar to the industry" was unfortunate. Clearly, that expression was not necessary to the decision.

In *Ellingson L. Co. v. Industrial Comm.* 168 Wis. 227, 169 N. W. 568, the court, following the *Hoenig Case,* said:

"Compensation is not given for an injury resulting from exposure to a hazard which is not peculiar to the industry or substantially increased by reason of the nature of the services which the employee is required to perform."

That was a case of freezing, and the court sustained an award of the commission in which it was found that, by reason of services the employee was required to perform, the exposure to freezing was substantially increased. Again, the negative language quoted was not necessary to the decision.

*Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N. W. 328, was a case where a salesman was required to walk from place to place on the public streets, and, while so employed, slipped and was injured. The employee was

awarded compensation by the commission, which award was upheld by the circuit court. On appeal to this court it was contended that the hazard was not peculiar to the industry but was common to all people walking on the streets. This court affirmed the circuit court and took the occasion to explain and limit the meaning of the phrase "peculiar to the industry" as theretofore used, and said:

"Is the injury one resulting from a hazard pertaining to and inseparably connected with the industry or substantially increased by reason of the nature of the services which the applicant is required to perform? It is not the nature of the hazard that is the determinative thing, but rather whether or not it is a usual or necessary incident to the employment. Here, the applicant while in the discharge of his duties under his employer's direction was required from time to time to cross public streets. While the hazard to which he was exposed is not peculiar to the employment in the sense that it appertains to it exclusively and is not common to other occupations, it is nevertheless a hazard inseparably connected with the employment and therefore incidental to it."

In *Carey v. Industrial Comm.* 181 Wis. 253, 194 N. W. 339, the court sustained the findings of the commission and said: "Nothing short of fraud can vitiate the findings of the commission if there is any support for them in the evidence."

There an employee, who had taken shelter in a barn during a "violent and unprecedented" windstorm, was injured, but again the court unfortunately used the expression in the *Hoenig Case,* that "deceased met his death from a hazard common to the public and not peculiar to his employment," overlooking the fact that the term "peculiar" had been explained by the court in the *Schroeder & Daly Case.*

In *Lewis v. Industrial Comm.* 178 Wis. 449, 190 N. W. 101, this court sustained the findings of the commission, as shown by the briefs, that "the deceased was not injured as a result of any hazard of his employment, but met his death

as a result of a hazard which was the hazard of the community." There the deceased suffered a sunstroke while working on a coal dock, exposed to the sun on a very hot day. Three Justices dissented in that case, on the ground that there was no evidence to sustain the findings. The court, however, planted its decision on the statute making fraud the only ground of setting aside the commission's findings where there is any evidence to sustain them.

From the foregoing it is clear that we cannot reconcile all that has been said on the subject, and that confusion remains; therefore it is well to go back to first principles. The report of the legislative committee, cited as interpretative of the act in the *Hoenig Case,* says that liability attaches where the "injury grew out of and was incidental to the employment." This is what was held in the *Hoenig Case,* and it was the exact holding in the *Schroeder & Daly Case,* when applied to the facts of that case. We think that is the fundamental idea of the compensation act. The injury is compensable when it results from a hazard incidental to the industry.

The injury in the instant case clearly grew out of and was incidental to the employment. It makes no difference that the exposure was common to all out-of-door employments in that locality in that kind of weather. The injury grew out of that employment and was incidental to it. It was a hazard of the industry.

*By the Court.*—The judgment of the circuit court is reversed, with directions to sustain the award of the commission.