## HAMPTON etc v INDUSTRIAL COMMISSION

Ohio Appeals, 6th Dist, Erie Co
No 328.  Decided June 30, 1930

John F. McCrystal, Sandusky, for Hampton.

Gilbert Bettman, Attorney General, R. R. Zurmehly, Special Counsel and C. E. Moyer, Sandusky, for Commission.

WILLIAMS, J.

The law applicable to the case is established for us in **Slanina vs. Industrial Commission, 117 Ohio St., 329.**  If the duties of the decedent exposed him to a special or peculiar danger from the tornado, greater than other persons in the community, the claim is one that is compensable.

There is evidence in the record tending to show that shortly prior to the collapse of the building, deceased and another employe of the company, George A. Bretz, had completed the loading of a truck, standing outside the building, with stucco, steel fabric and lumber; that the steel fabric had been obtained from the basement of the building and the stucco from the first floor; that after the loading was finished the two men were fixing the clutch and testing the fly-wheel on the truck; that just as the repair work was accomplished, the storm approached, and the men went inside; that they had barely gotten inside when the building collapsed; that at the time the building went down they were standing together on the first floor among sacks of cement and stucco and boxes of asbestos shingles which were piled up in storage; and that when Hampton was taken out, these building supplies were piled on and about him, mixed with debris of the fallen building.

The jury might well draw the inference from the evidence adduced that deceased was killed by the building supplies which fell upon him, set in motion by the tornado, and that the danger of an employe being killed by the falling of materials stored by the employer, among piles of which he went in performing his duties as an employe, was one greater than other persons in the community were subjected to.

The court erred in directing a verdict for the defendant to the prejudice of plaintiff in error.  Judgment is reversed and the cause remanded for a new trial.

Lloyd and Richards, JJ, concur.