## INDUSTRIAL COMMISSION v LARAWAY

Ohio Appeals, 6th Dist, Lucas Co

No 2774.  Decided June 26, 1933

Calkins, Storey & Nye, Toledo, for plaintiff in error.

Wm. E. Orthwein, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

The first inquiry is whether there should have been a directed verdict in favor of the defendant below. The circumstances under which a claim of an employe for injury or death by lightning while at work is compensable has received consideration many times. See the following authorities:

L.R.A., 1918-F, 937;

13 A.L.R., 977;

40 A.L.R., 401;

46 A.L.R., 1218;

53 A.L.R., 1084;

28 R.C.L., 806, par. 94.

In the case of **Slanina v Industrial Commission, 117 Oh St, 329,** it was held that where an employe, while riding in an automobile in the course of his employment, was injured as a result of a telephone pole being blown against the automobile in a tornado, he is not entitled to compensation as the duties of his employment did not expose him to a special or peculiar danger from the elements greater than persons in the community generally.

In the case of **Industrial Commission v Hampton, 123 Oh St, 500,** the claim of the widow of an employe, whose duties took him to different parts of the premises, including a warehouse, and who while on duty took refuge in the warehouse from a violent tornado, which tore down the building and caused sacks of cement piled therein to fall upon him, was compensable. Much of the language used in the syllabus and opinion, while germane to the facts involved therein, is not of value in the instant case for the reason the court sought to show that the death was caused by the falling of the building and sacks of cement and

that the claim was a compensable one notwithstanding that the falling material was set in motion by vis major. However, there is language employed therein that is of importance in the present inquiry, especially that with reference to cases in which an employe engaged in his employment was injured or killed while taking refuge under a tree as a result of lightning striking the tree. After the citation of some cases of this character and two other cases, one involving injuries from frostbite due to unusual exposure and one involving heat prostration, the following language is used in the opinion.

"Each of the foregoing cases was defended on the ground that the injury was caused by the force of nature, and not a natural hazard of the employment and that there could, therefore, be no recovery. In each instance, however, a recovery was awarded because **certain hazards of the industry combined with operation of the forces of nature** caused the injury."

There is a very interesting discussion of the question involved in the instant case in United States Fidelity & Guaranty Co. v Rochester, 281 SW, 306. In that case an employe of a gas company was killed by lightning while using a steel shovel in the work of excavating the earth above a pipe line, and it was held that under the facts of that case the claim of the widow was compensable.

Cases may be found in which a workman, while at work with a tool partly or wholly metal in his hands, has been struck by lightning, and the evidence has been held insufficient to take the case to the jury, but such rulings are usually, if not invariably, based upon lack of evidence to show that the hazard was increased by reason of so having a tool of that kind. By reason of the expert testimony in the instant case, these holdings have no application.

Attempting to apply established principles to the case at bar, we conclude that if the carrying of the steel bristle broom and the sweaty condition of the body of the plaintiff Laraway substantially increased the hazard of the employment and exposed him to some special danger not common to the public so that there was a causal connection between the employment and injury, the claim was compensable. Whether these essential elements existed was not left solely to inference from the facts surrounding the transaction, but expert testi-

mony was introduced. The plaintiff called as a witness Walter F. Brown, a professor at Toledo University for a number of years, who was engaged in teaching electrical engineering, and who, for a longer period of time has been associated with and employed in the work of electrical study and practice. The following appears from his testimony:

"Q. Professor Brown, isn't it a fact that any object that is more or less charged with static electricity, for example when one carries an umbrella or has a pole extending into the air or a pitchfork, isn't one using an article or implement of that kind more susceptible to be struck by lightning than one who is not carrying an object of that kind? A. Would be, yes.

\* \* \*

Q. Now, Professor Brown, where an employe is engaged on a highway in the month of June, a hot summer day, with impending electrical storm, using a broom, sweeping out depression, with the palms of the hands covered with a film of moisture, near telephone poles to which are attached two wires about 15 feet above the earth, and where the employe had this broom in his hands, would that condition from this perspiration as stated accentuate the risk or hazard of being struck by a bolt of lightning? A. Yes, I would say it would.

Q. Then he would be subjected to a greater risk and hazard than the public in general. A. I would say so."

In our judgment the record discloses that there is evidence tending to show that the plaintiff's duties at the time of his injury exposed him to a special or peculiar danger from lightning, greater than that to which other persons in the community were exposed, and that a causal connection existed between the employment with its hazard and the injury, and that the court below did not err in refusing to direct a verdict for the defendant.

Other questions have been made on the charge and the refusal to instruct the jury as requested after argument. After giving these questions careful study we are satisfied that the court committed no prejudicial error in these respects. In the case of **Industrial Commission v Weaver, 38 Court of Appeals Opinions, unreported, p. 225 (11 Abs 638), (affirmed, Weaver v Industrial Commission, 125 Oh St 465),** this court reached the conclusion that a causal connection between the employment and the injury was all that was

required and that the employment need be neither the sole nor proximate cause of the injury. The conclusion reached was based mainly upon the leading cases of Railroad v White, 243 U. S., 188, 205 and Cudahy Packing Co. v Parramore, 263 U. S., 418, 423.

The Supreme Court of Ohio has stated the rule to be that to make a claim compensable, it is essential that the employment should have "some causal connection with the injury, either through its activities, its conditions or its environment."

**Industrial Commission v Weigant, 102 Oh St, 1;**

**Graber Mfg. Co. v Wrobel, 125 Oh St, 265.**

In the opinion in the latter case, which involved a death claim, it is stated that the claimant must show, to be entitled to an award of compensation, that the

"injury was sustained by the decedent while in the course of his employment, and that the injury arose out of a hazard of the business or service in which he was engaged."

We also call attention to the following cases:

**Industrial Commission v Nelson, Ohio Bar, June 26, 1933, p. 180; OLB, June 26, 1933, p. 205;**

**Industrial Commission v McWilliams, 126 Oh St, 508; OLB, June 26, 1933, p. 221.**

It is contended by plaintiff in error that the trial court did not correctly state the rule as to causal connection between the employment and the injury. The court in the course of the charge used the following language:

"In case an employe in the discharge of the duties of his employment, is injured as a result of the unexpected violence of the forces of nature, to-wit, being struck by lightning (which in this case is claimed by the defendant to be an act of God and therefore denies the plaintiff the right to participate in said insurance fund) where his duties do not expose him to a special or peculiar danger from the elements which caused the injury, greater than other persons in the community, such employe is not entitled to compensation under the Workmen's Compensation Laws of the State of Ohio; and to entitle an employe to participate in the insurance fund established by the Workmen's Compensation Laws of the State of Ohio there must be a causal con-

nection between the conditions under which the work is required to be performed and the resulting injuries; and if an employe by reason of his duties is exposed to a special or peculiar danger from the elements, that is, one greater than other persons in the community, and an unexpected injury is sustained by reason of the elements, the injury constitutes an accident arising out of and in the course of the employment, within the meaning of the Workmen's Compensation Laws of the State of Ohio.

Now, the plaintiff claims there was a causal connection between the conditions under which plaintiff was working and was required to work and the resulting injuries, and plaintiff sets forth in his amended petition certain facts in connection with that claim which I will now read to you;"

At this point the court quotes from the petition, and then continues: .

"The plaintiff claims that as a result of these facts he was exposed to a special and peculiar danger from the elements, that is, one greater than other persons in the community or at said time and place.

Therefore, if, after a full and fair consideration of all of the evidence, you find that the plaintiff was exposed to injury from lightning by reason of his employment in the manner and at the time and place set forth in plaintiff's amended petition, that is to say, something more than the normal risk to which all are subject, and if his employment necessarily accentuated the natural hazard from lightning and the accident was natural to the employment, though unexpected or unusual, and you find these facts by a preponderance of the evidence, then your verdict should be for the plaintiff to the effect that he is entitled to participate in said insurance fund established by the Workmen's Compensation Laws of the State of Ohio.

If, however, after a full and fair consideration of all the evidence, you find that the plaintiff has failed by a preponderance of the evidence, to establish a causal connection between the conditions under which plaintiff was required to do the work as set forth in his amended petition, and the resulting injuries, or if there is only an equality of evidence upon that subject, then and in that event your verdict should be for the defendant, which would mean that the plaintiff is not entitled to participate in the insurance fund established by the Workmen's Compensation Laws of the State of Ohio."

In our judgment the trial judge stated the rule correctly and when the whole charge is read, it is apparent that there is no error to the prejudice of the plaintiff in error.

After the charge had been delivered, counsel for defendant requested the court to charge as follows:

"Before you can find in favor of the plaintiff the evidence must show by a preponderance the existence of a condition or circumstances of plaintiff's work and employment which, exposed him to a greater degree than the general public, to the hazard of being struck by lightning. The evidence must also show by a perponderance that such a condition or circumstance operated in causing the bolt of lightning to strike the plaintiff at the time and place claimed by plaintiff. The mere existence of such a condition or circumstance is not enough to warrant a verdict in favor of the plaintiff unless there was such operation of them."

This request did not correctly state the law because by its terms it required the plaintiff to show, before he could recover, not only that the condition or circumstances of plaintiff's employment exposed him to the hazard of being struck by lightning to a greater degree than the general public but also that such condition or circumstances caused the "bolt" of lightning to strike the plaintiff. This request would require the finding that this "condition or circumstances" was the cause of the injury. It was not necessary for plaintiff to show that a hazard of the employment caused the lightning to strike him, any more than it was necessary in tree cases to show that the employe's being under the tree caused the lightning to strike the tree, or him. It was only necessary for the plaintiff, in order to recover, to show that the stroke of lightning injured plaintiff and that there was some causal connection between the employment with its unusual hazard subjecting plaintiff to greater risk than the general public on the one hand and his injury on the other. The request was properly refused.

We have examined all the questions made by plaintiff in error with painstaking care and find none to the prejudice of plaintiff in error.

RICHARDS and LLOYD, JJ, concur.