## JOHNSON v INDUSTRIAL COMMISSION

Ohio Appeals, 6th Dist, Lucas Co

No 3023.  Decided March 4, 1935

Geer, Lane & Dowling, Toledo, for plaintiff in error.

Frank E. Calkins, Toledo, for defendant in error. .

### OPINION

By CARPENTER, J.

Plaintiff in error, Margaret C. Johnson, who was plaintiff below, filed a claim for compensation with the Industrial Commission of Ohio for the death of her husband, Albert C. Johnson, who died from the effects of a sunstroke sustained while he was working as a canvassing salesman in Toledo for a subscriber to the State Insurance Fund. The Commission refused her application, and on appeal the Common Pleas Court sustained a demurrer to her petition which alleged the facts substantially as above stated, and judgment was entered.

Some jurisdictions, notably New York, Minnesota and some Federal courts, hold death from sunstroke under similar conditions compensable; but the principle announced in **Slanina v Industrial Commission, 117 Oh St, 329,** places Ohio with the jurisdictions adverse to such recovery. In that case the employe, while delivering a rug for his employer, was injured as a result of a telephone pole being blown against his automobile in the Lorain tornado of 1924. Compensation was denied him by both the Court of Appeals and the Supreme Court. After discussing the injury by tornado, the Supreme Court said:

"In other words, risks to which all persons similarly situated are equally exposed, whether in the employment or not, and not traceable in some special degree to the particular employment, are such as are not compensable under the statutes of this state."

It is interesting to note that this case was certified to the Supreme Court by the Court of Appeals of the Ninth District for the reason that its judgment against Slanina was in conflict with **Eversole v Industrial Commission, 32 O.C.A., 265; 35 C.D., 732,** decided by the Fifth District Court of Appeals. In that case particles of hail or sleet struck and injured the eye of the driver of a milk wagon while engaged in the course of his employment. That Court of Appeals held the injury compensable.

We are unable to distinguish the case at bar from Slanina v Industrial Commission, supra. Hence, we must affirm the judgment of the trial court.

Judgment affirmed.

LLOYD and OVERMYER, JJ, concur.