ZAFT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(Decided April 4, 1938.)

*Mr. Sam Kaplan,* for appellant.

*Mr. Joseph O. Eppstein* and *Mr. Robert J. W. Meffley,* for appellee.

CARPENTER, J. Plaintiff, appellant, Rose Zaft, on September 10, 1936, was employed as a seamstress in the factory of The Friedman Cloak Company, a contributor to the Workmen's Compensation Fund. For some time before that date she had had a cold. During her lunch period that day, while she was sitting in a chair at the table where she worked in the factory, which chair was about a foot from a window, another employee opened that window and plaintiff says ''I felt a kind of a stroke in my face; kind of like a wind or something hit me''; and ''Well it was wind. It was a kind of a heavy wind.'' She closed the window immediately. Later that afternoon, while she was working, the window was opened again and she says ''Something hit me, something like it would be a piece of ice, like, hit in my face.'' Again she closed the window at once. From the first exposure to wind, she says, her face pained her continuously. She worked the next day, and the second day she saw a doctor, who gave her some medicine. On the early morning of the fourth day, she says, ''I felt kind of a falling my mouth and eyes, kind of a pulling.'' That day she saw a doctor, who diagnosed her case ''A Bell's Palsy, and paralysis of the peripheral part of the seventh cranial nerve.'' This doctor testified ''The most common cause of Bell's Palsy is exposure to draft or cold. This patient had a cold which was aggravated by a draft following which she developed the Bell's Palsy'' and he said the wind was ''a causative factor'' in producing the paralysis he found she had.

Mrs. Zaft's claim for disability resulting from her illness was disallowed by the Industrial Commission and she appealed to the Common Pleas Court where, on trial, the evidence disclosed the facts substantially as set forth above. At the close of plaintiff's evidence a motion for a directed verdict was granted and judgment for the commission was entered. From this judgment plaintiff appealed to this court on questions of law. The only error assigned is the direction of the verdict.

The motion to direct the verdict raised two questions: (1) Did Mrs. Zaft sustain an "injury" within the meaning of the compensation law? (2) If so, did such injury arise out of her employment?

Whether her disability was due to injury, or "legal trauma," may be questioned. *Industrial Commission* v. *Armacost,* 129 Ohio St., 176, 194 N. E., 23; *Industrial Commission* v. *Brümm,* 130 Ohio St., 248, 198 N. E., 863. In view of the answer that must be given to the second question, it is not necessary to determine the first question in this cause.

The alleged injury to the plaintiff was due to a "force of nature," the wind. An examination of the cases where it has been claimed that an injury due to a "force of nature" is compensable, discloses two classes, one in which the force is set in motion or connected with some other element associated with the employment of the injured person. These injuries are held compensable. The other class is where the injury is the direct result of such force alone.

As illustrative of the first class are the following: A storm drove a yard foreman into a warehouse where building materials were stored and a tornado blew down the warehouse and some of the materials fell upon and killed him. *Industrial Commission* v. *Hampton,* 123 Ohio St., 500, 176 N. E., 74. During the same

tornado, the foreman of another claimant ordered him to close a door and he was killed in doing it. *American Shipbuilding Co.* v. *Michalski*, 30 Ohio App., 80, 164 N. E., 123. A highway workman using a steel bristle broom to sweep out holes in a pavement was struck by lightning. *Industrial Commission* v. *Laraway*, 46 Ohio App., 168, 188 N. E., 297.

The second class, or non-compensable type, is illustrated by the following: The leading case in Ohio is *Slanina* v. *Industrial Commission*, 117 Ohio St., 329, 158 N. E., 829. Plaintiff was riding in an automobile to deliver a rug for his employer when the tornado mentioned in the *Hampton* and *Michalski cases, supra,* blew a telephone pole against the automobile and injured him. In *Industrial Commission* v. *Carden*, 129 Ohio St., 344, 195 N. E., 551, the decedent was struck by lightning. His widow, to bring the case in the principle applied in the *Laraway case, supra,* tried to establish that he was working with a shovel at the time, but this proof failed and with it the claim.

A canvassing salesman on the street suffered a sunstroke and died, and his widow lost the death claim. *Johnson* v. *Industrial Commission*, 49 Ohio App., 419, 197 N. E., 387. In *Industrial Commission* v. *Middleton*, 126 Ohio St., 212, 184 N. E., 835, the claimant contracted Bell's Palsy, by chilling from riding in an open truck after heavy exertion and perspiring.

In all of the foregoing cases decided by Courts of Appeals, motions to certify were overruled by the Supreme Court.

The facts in the case at bar place Mrs. Zaft's claim in the latter class of cases. Granting she sustained an injury, it came from the direct action of the wind without the intervention of anything in any way connected with her employment, and hence did not arise out of her employment.

For this reason, if for no other, the judgment of the trial court was right and is affirmed.

*Judgment affirmed.*

LLOYD and OVERMYER, JJ., concur.