## CAVANAUGH v INDUST. COMM.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5694. Decided Nov. 20, 1939

Joseph I. Williams, Cincinnati, for appellee.

Edward A. Schott, Cincinnati, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County.

The question presented by the record is whether or not the claim of the plaintiff is compensable.

Plaintiff's decedent was employed by a builders' supply company, and did general work in connection with the business of that company. He was thirty-three years of age. The cause of death was stated to be "heat prostration induced by heavy work during heated term". The decedent, at about eleven o'clock, A. M. on July 23rd, 1934, was engaged in loading sacks of cement, weighing nearly 100 pounds, upon a truck. He carried the sacks from the inside of the store to the truck, which was located outside the building.

The temperature on the day in question, as shown by the meterological report, varied from a maximum of 104 degrees to a minimum of 78 degrees. The humidity at noon was 36.

After completing the loading of the truck, the decedent went inside the

store, and while standing beside his brother's desk, collapsed. He died on August 5th, 1934.

There is little, if any, dispute concerning the facts in the case. The controversy between the parties centers upon the legal questions involved.

It is the contention of the Industrial Commission that the decedent was not exposed to any greater strain than was applicable to the general public, and that under the rule pronounced by the Supreme Court in **Slanina v Industrial Commission of Ohio, 117 Oh St 329,** the claimant is not entitled to participate. The syllabus of this case is:

"In case of an employe, in the discharge of the duties of his employment, is injured as a result of the unexpected violence of the forces of nature, to-wit 'a destructive tornado;' where his duties do not expose him to a special or peculiar danger from the elements which caused the injury, greater than other persons in the community, such employee is not entitled to compensation under the Workmen's Compensation Act. (**Fassig v State ex rel., 95 Oh St 232; Industrial Commission v Weigandt, 102 Oh St 1,** approved and followed.)

The position of the Industrial Commission in this case we consider as untenable. In the Slanina case that portion of the public having occasion to use the public streets were exposed to the force of the wind. But suppose the employe in that case had been occupied in work upon the top of a church spire, elevated high above the ground. It could not then be said that the employe and the public were upon a parity as to danger from the force of the wind.

So, in the instant case the public as a whole were not engaged in strenuous work, carrying heavy loads, raising the normal temperatures of their bodies to the danger point.

The position of the Industrial Commission ignores the fact that it was neither the mere exertion in raising the sacks upon the trucks or the heat alone which caused the decedent's death, but on the contrary, was a combination of the two, which combination constituted a special and peculiar situation not common to the public as a whole.

Where such a combination of circumstances exists, causing death of an employe, the mere fact that the element of the combination may be experienced by the general public is insufficient to justify a legal conclusion that the employe or his representative is not entitled to share in the State Insurance Fund.

Such a situation presents a question of fact for a jury, and its conclusion, when sustained by substantial evidence, will not be disturbed by the court.

The judgment will be affirmed.

HAMILTON, PJ. and MATTHEWS, J., concur.