SCANDRETT and others, Trustees (CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY), Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*April 12—May 7, 1940.*

For the appellants there was a brief by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Leta Cole there was a brief by *Arnold, Caskey & Robson* of Beloit.

MARTIN, J.   Appellants contend that the accident causing the injuries resulting in the death of Cole did not arise out

of his employment. Sec. 102.03, Stats., specifies the conditions of liability as follows:

"(1) Liability under this chapter shall exist against an employer only where the following conditions concur:

"(a) Where the employee sustains an injury.

"(b) Where, at the time of the injury, both the employer and employee are subject to the provisions of this chapter.

"(c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment; and so shall any fireman responding to a call for assistance outside the limits of his city or village, unless such response is in violation of law.

"(d) Where the injury is not intentionally self-inflicted.

"(e) Where the accident or disease causing injury arises out of his employment.

"(2) Where such conditions exist the right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer.

"(3) In the case of disease intermittent periods of temporary disability shall create separate claims, and permanent partial disability shall create a claim separate from a claim for any subsequent disability which latter disability is the result of an intervening cause."

Appellants concede that conditions (a), (b), (c), and (d) concurred in the instant case, but deny that condition (e) concurred; that is, that the accident causing the injury did not arise out of Cole's employment.

Among other facts, the commission's examiner found that for some years prior to August 20, 1938, deceased had been in the employ of appellant company, and that his duties in such employment necessitated his traveling to different points on appellant's railway system; that deceased maintained his home with his family in Beloit, Wisconsin; that on August 20, 1938, at about 12:45 p. m., deceased left his home in Beloit

to go to Clinton, Wisconsin, to make some repairs at the railroad station there; that the automobile he was using at the time was his own car, but was being used by and with the knowledge and consent of the company; that when deceased left Beloit, a storm was raging and it continued until he arrived in Clinton, a distance of twelve to fifteen miles; that upon arriving at Clinton, the storm was of such proportions that it was impossible for him to proceed to the station; that he drove his car in a parking place on the main street; that because of the severity of the storm, he stayed in his automobile, and while sitting there, a portion of a building, in front of which he was parked, blew off, striking his automobile and crushing in the top resulting in the injuries to the deceased which caused his death; that the storm on the day in question was of severe proportions and was general throughout the territory including Clinton as well as surrounding territory; and that no damage of any serious consequence occurred because of the storm, excepting to the building in front of which the deceased parked his car.

From these facts, the examiner concluded that the injury suffered by the deceased on August 20, 1938, *was the result of a greater hazard to which he was subjected than was the general public in that his employment by the appellant company required the use of an automobile in going from place to place as the occasion required, and such employment caused the deceased to be at the particular point where the injury occurred,* he having done what a reasonably prudent person could have been expected to do under the circumstances, for otherwise, had it not been for his employment, it can reasonably be assumed that the deceased would have been in a place of more comparative safety from the dangers of being injured because of the storm which occurred on the day of the accident. The examiner further found that the injury suffered by the deceased *arose out of his employment by the appellant company.*

The examiner accordingly entered an order directing payment of the compensation. Appellants duly applied for a

review of the findings and order as made and entered by the examiner. A review was had, and on January 19, 1939, the Industrial Commission affirmed the findings and order of the examiner.

The testimony shows that Cole's job required that he give immediate attention to all repairs that had to be made and that he had to make repairs at night as well as in daytime. In order to discharge his duties efficiently he used a car as he had to get from place to place quickly and as he carried his own tools. The train service was inadequate for his needs. At the hearing before the examiner, counsel for appellants admitted on the record that Cole used his own automobile with the knowledge and consent of his employer. Respondent Leta Cole (widow of the deceased) testified that her husband used his car as a means of transportation in connection with his work outside of Beloit because the passenger trains did not stop at all stations at certain times; that on some jobs he would be engaged only a short time and that it was more practical for him to get around to the places he had work to do by using his own car. Mrs. Cole further testified that her husband's superior officers told him to use his automobile so that he might get around to the jobs more rapidly because of poor train service at some of the stations, and the fact that some of the trains did not stop at some of the stations. Mr. Cole was ordered by his employer to go to Clinton on the day in question to repair a toilet in the depot there.

Appellants argue that since the facts are not in dispute, this court is not obliged to affirm the findings of the examiner, the commission, and the lower court. In view of the rather peculiar facts, circumstances, and evidence adduced at the hearing, there was an issue of fact—whether Cole's injury arose out of his employment, whether his employment created in any degree the hazard which resulted in his fatal accident. The examiner and the commission may properly draw inferences from undisputed facts. *Carey v. Industrial Comm.* 181 Wis. 253, 255, 256, 194 N. W. 339; *Lewis v. Industrial Comm.* 178 Wis. 449, 453, 190 N. W. 101.

Inferences from undisputed facts are as binding and conclusive as findings made on disputed facts. *Lewis v. Industrial Comm., supra; Tiffany v. Industrial Comm.* 225 Wis. 187, 190, 273 N. W. 519; *Northern Trust Co. v. Industrial Comm.* 231 Wis. 133, 139, 140, 285 N. W. 339.

Appellants argue that the cases in this jurisdiction prior to the amendment of the statute (the addition of paragraph (e) to sec. 102.03 (1), Stats.) in 1933 are not applicable to cases arising since said amendment. There is no merit in this contention. The reason for the amendment in 1933 to sec. 102.03 (1) is thus explained in the Workmen's Compensation Pamphlet for 1933:

"The amendments of this provision were effected by chapter 402, Laws of 1933, effective July 14, 1933. In the cases of *Campion v. Montello Granite Company* and *Forman v. T. M. E. R. & L. Company,* the supreme court commented that it was not necessary in order to collect compensation that an injury or disease should bear causal relation to employment. Prior to these decisions the law had been construed to provide benefits only for such injuries as 'grew out of' employment. This amendment adopts the commonly accepted construction of the law prior to amendments of 1931."

In *Newman v. Industrial Comm.* 203 Wis. 358, 234 N. W. 495, and in *Nebraska Seed Co. v. Industrial Comm.* 206 Wis. 199, 239 N. W. 432, the court upheld the findings of the commission that the risk of injury by lightning while seeking shelter from a storm was increased by reason of the employment. In *Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 569, 570, 173 N. W. 328, in sustaining an award to a salesman who was injured by slipping and falling on a street, at page 569, the court said:

"The risk of injury to the applicant in this case was incidental to his use of the street in the course of his employment, and was peculiar to the employment in that the work of the employee could not be carried on without his subjecting himself to that risk; it therefore grew out of his employment. The fact that others may be exposed to like risks does not

change the character of the risk to which the applicant was exposed." (Citing cases.)

In *Eagle River B. & S. Co. v. Industrial Comm.* 199 Wis. 192, 196, 225 N. W. 690, which involved injuries by freezing, the court said:

"It makes no difference that the exposure was common to all out-of-door employments in that locality in that kind of weather. The injury grew out of that employment and was incidental to it. It was a hazard of the industry."

To the same effect see *Yellow Cab Co. v. Industrial Comm.* 210 Wis. 460, 466, 246 N. W. 689; *Milwaukee E. R. & L. Co. v. Industrial Comm.* 212 Wis. 227, 233, 234, 247 N. W. 841. Also see annotations 23 A. L. R. 401; 51 A. L. R. 509; and 80 A. L. R. 126.

We are of the opinion that the danger of being injured by falling parts of buildings in cities and towns during storms, such as the one in question, is a street risk that Cole was subject to by reason of his employment, and that his injury from the falling of the roof made his accident arise out of his employment. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.