WESTERN CASUALTY & SURETY COMPANY, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*June 4—June 30, 1964.*

For the appellant there was a brief by *Morrow & Garvey* of Eau Claire, and oral argument by *James E. Garvey*.

For the respondent Industrial Commission the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

CURRIE, C. J.   The employee Orheim's application for benefits was not filed until more than two years had elapsed after the date of injury, which was January 16, 1956. No workmen's compensation benefits were paid by appellant insurance carrier within two years following the date of injury. Sec. 102.12, Stats. 1955, provided:

"No claim for compensation shall be maintained unless, within 30 days after the occurrence of the injury . . . actual notice was received by the employer . . . Absence of notice shall not bar recovery if it is found that the employer

was not misled thereby. Regardless of whether notice was received, if no payment of compensation . . . is made, and no application is filed with the commission within 2 years from the date of the injury . . . the right to compensation therefor shall be barred, *except that the right to compensation shall not be barred if employer knew or should have known within the 2-year period, that the employe had sustained the injury on which the claim is based. . . .*" (Italics supplied.)

The examiner for the commission made a finding that notice of the accident was given to Orheim's employer, Harold Woodbury, "at the time of the injury." On review this finding was affirmed by the commission. It is implicit in such finding that the employer, having received notice of the accident contemporaneously with its occurrence on January 16, 1956, knew within the two-year statutory period that Orheim had sustained the injury on which his claim for benefits is based.

The sole issue on this appeal is whether there is any credible evidence to sustain this finding.

On the date of the injury Orheim was hauling milk by motor truck to a creamery in Rusk county for his employer Woodbury. Orheim was on a farm to pick up some milk and was pulling cans out of a cooling tank at about 10 a. m. when he bent over to pick up a full can of milk and something cracked in his back. Although his back hurt badly he then continued on his route picking up cans of milk from other farmers and arrived at the creamery around noon. What then transpired is best related by the following verbatim extract from Orheim's testimony:

"*Q*. What did you do when you got to the creamery? *A*. I got Harold Woodbury to unload my load of milk for me.

"*Q*. And did you tell him anything about the injury at that time? *A*. Yes.

"*Q.* What did you tell him? *A.* I told him I hurt my back lifting a can of milk.

"*Q.* And then what did you do? *A.* I went home and went to bed.

"*Q.* That same day? *A.* Yes."

Orheim then testified that he consulted a physician the next day, was in the hospital for seven days, and did not return to work until April 3, 1956. Woodbury died prior to the hearing so there is no testimony by him.

In view of the foregoing we conclude that this record amply supports the commission's finding. We find no merit to appellant's contention that the above-related testimony of Orheim is insufficient because there is no proof that Woodbury heard what Orheim told him about the latter's having hurt his back. It is a reasonable inference, if one person testifies that he told another person something, that such other person heard what was told him. The commission may ground its findings on reasonable inferences drawn from undisputed evidence in the record. *Hipke v. Industrial Comm.* (1952), 261 Wis. 226, 231, 52 N. W. (2d) 401; *Scandrett v. Industrial Comm.* (1940), 235 Wis. 1, 6, 291 N. W. 845.

Appellant relies on *Van Domelon v. Industrial Comm.* (1933), 212 Wis. 22, 249 N. W. 60, 92 A. L. R. 501, where it was held that mere knowledge by the employer town that an employee had become sick on the job did not constitute "actual notice of injury" within the meaning of sec. 102.12, Stats. 1927. That statute required that the injured employee give written notice of the injury to the employer within thirty days of the occurrence of the accident as a condition to recovering workmen's compensation benefits, but contained this proviso:

". . . provided, further, that the failure to give any such notice, or any defect or inaccuracy therein, shall not be a

bar to recovery under sections 102.03 to 102.34, inclusive, if it is found as a fact in the proceedings for collection of the claim that within the thirty-day period actual notice of the injury was given to the employer . . ."

The explanation for the court's holding in the *Van Domelon Case* appears in these words of the opinion (p. 28):

"No accident causing visible physical injury to plaintiff had occurred, and it does not appear that there were any objective symptoms, which could be considered indicative to any of the town's officers or employees, during that thirty-day period, of the occurrence of any compensable injury to plaintiff. For all that the town or its officers or employees knew, plaintiff's inability to continue with the work on January 9, 1929, *might well have been due entirely to some internal disorder or disease, which was not caused by any injury.*" (Emphasis supplied.)

In the instant case Orheim notified the employer Woodbury, "I hurt my back lifting a can of milk." Unlike the facts in *Van Domelon* this was clearly sufficient to apprise the employer that he had sustained an industrial accident arising out of and incidental to his employment. It further informed the employer of the nature of the injury for which an application for benefits was later filed.

*By the Court.*—Judgment affirmed.