### JOHN McMANAMAN'S CASE.

Suffolk.   December 1, 1915. — June 29, 1916.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act.*

Under the workmen's compensation act the Industrial Accident Board may be warranted in finding that a longshoreman, whose fingers were frozen while he was at work in his regular occupation of unloading a steamer at a pier when the thermometer stood at four degrees below zero, was exposed "to materially greater danger and likelihood of getting frozen than the ordinary person or outdoor worker on the date" in question, and that the injury was one arising out of his employment within the meaning of St. 1911, c. 751, Part II, § 1.

LORING, J.   This is an appeal under the workmen's compensation act by the insurer from a decree entered * upon an award in favor of the employee. The ground of the appeal is that as matter of law the injury which was suffered by the petitioner was not an injury arising out of his employment.

The facts were these: The petitioner was employed as a longshoreman. While he was at work at Pier 46 Mystic Wharf, Charlestown, in January, 1914, both hands were more or less frozen. As a result he lost two phalanges of the little finger of

* By order of *Morton,* J.

one hand, all the little finger of the other hand and has been incapacitated from pursuing his trade because his hands have lost the power of gripping and holding.

On the day in question the thermometer fell to four degrees below zero. About five o'clock in the afternoon the petitioner felt pain in his hands "which began to feel numb" and told his partner * about it. His partner answered that they would soon be through work. The petitioner and his partner finished work shortly after half past five o'clock. When the petitioner went for his pay he found that he was not able to put the money in his pocket because of the stiffness of his fingers and his partner did it for him; and when he undertook to take money from his pocket to pay his carfare on his way home, he could not open his hands and his partner paid his fare for him.

The petitioner's work consisted when the tide was high in catching the goods which were being unloaded as they were slid down a plank and then loading them on trucks. When the tide was low this gang plank was more or less horizontal and the goods were then unloaded by trucking them out over the gang plank. This was done by two men, one of them holding the handles of the truck and the other pushing from behind. It was the petitioner's duty to push from behind.

The finding of the Industrial Accident Board was in these words: "The evidence shows that the employee, John McManaman, was especially exposed, by reason of the performance of his work as a longshoreman, to materially greater danger and likelihood of getting frozen than the ordinary person or outdoor worker on the date upon which he received the personal injury or frostbite." The reasons given by the board for this finding were that: "the conditions under which he was obliged to work rendered him peculiarly liable to danger of personal injury by frostbite; and the nature of his employment, that of aiding in unloading the vessel upon which he was engaged by means of pushing the truck upon which the merchandise was placed, especially exposed him to the danger which caused his incapacity for work, frostbite of the hands." By this we understand the board to have meant that: (1) The cold is greater on a pier protruding into the harbor

* The other man who worked on the same truck, as explained in the next paragraph.

than that to which a person working in the open is ordinarily exposed; and (2) The petitioner was not at liberty to stop his work to prevent his hands or feet from being frozen as a person ordinarily would have been at liberty to do. It well might be found that a person hired to unload a steamer cannot stop work. And this is intensified by the fact that McManaman was working with a partner and that if he stopped work, the work of the partner would have to be stopped too.

The learned counsel for the insurer has argued that "It is significant that in all cases of frostbite passed upon by Appellate Courts the question has been answered negatively." For this he cites *Warner* v. *Couchman,* 4 B. W. C. C. 32; *Karemaker* v. *Owners of Steamship Corsican,* 4 B. W. C. C. 295; *Laspada* v. *Public Service Railway,* 38 N. J. L. J. 102. The last case cited was not the decision of an "Appellate Court." *Warner* v. *Couchman* went to the House of Lords, see [1912] A. C. 35.

But it is not true that in the other two cases (*Warner* v. *Couchman* and *Karemaker* v. *Owners of Steamship Corsican*) it was decided that an injury from frostbite was not an injury arising out of the employment of the employee in question in those cases. In both those cases the judge of the county court found as a fact on the evidence before him that the injury suffered by the employee was not an injury arising out of his employment. And in both cases the Appellate Court (in the first case the House of Lords and in the second case the Lords Justices of Appeal) decided that on the evidence before him the judge of the county court was justified in making that finding of fact. With three exceptions the same is true of all the other cases * cited by the learned counsel for the insurer. The three exceptions are *Robson, Eckford & Co. Ltd.* v. *Blakey,* 49 Sc. L. R. 254, *Amys* v. *Barton,* [1912] 1 K. B. 40, and *Kinghorn* v. *Guthrie,* 50 Sc. L. R. 863. The decisions in these three cases do not help us in deciding the question which we have to decide in the case at bar.

---

* *Andrew* v. *Failsworth Industrial Society, Ltd.* [1904] 2 K. B. 32. *Davies* v. *Gillespie,* 28 T. L. R. 6. *Morgan* v. *Owners of Steamship Zenaida,* 25 T. L. R. 446. *Kelly* v. *Kerry County Council,* 42 Ir. L. T. R. 23. *Robson, Eckford & Co. Ltd.* v. *Blakey,* 49 Sc. L. R. 254. *Rodger* v. *Paisley School Board,* 49 Sc. L. R. 413. *Olson* v. *Owners of Steamship Dorset,* 6 B. W. C. C. 658. *Clifford* v. *Joy,* 43 Ir. L. T. R. 192. *Craske* v. *Wigan,* [1909] 2 K. B. 635. *Amys* v. *Barton,* [1912] 1 K. B. 40. *Kinghorn* v. *Guthrie,* 50 Sc. L. R. 863.

What the insurer's counsel has overlooked in his argument is that the circumstances of these two cases were not the same as those in the case at bar and that (even if they had been) where a case depends upon a question of fact opposite conclusions may be reached by different tribunals on the same evidence.

The finding of the county court judge in *Warner* v. *Couchman* which the House of Lords refused to disturb, was in these words: "That there was nothing in the nature of the appellant's employment which exposed him to more than the ordinary risk of cold which any person working in the open was exposed on that day." It is plain that the rule under which the finding against the employee in that case and the finding in favor of the employee in the case at bar were made is one and the same rule. Of this rule, Lord Loreburn in *Warner* v. *Couchman, ubi supra,* at page 37, said: "Now Fletcher Moulton, L. J., who was the judge in the minority in the Court of Appeal, stated the law fairly enough, or rather stated what was the point of view with which a judge ought to approach cases of this kind. He said [1911] 1 K. B. 357: 'It is true that when we deal with the effect of natural causes affecting a considerable area, such as severe weather, we are entitled and bound to consider whether the accident arose out of the employment or was merely a consequence of the severity of the weather to which persons in the locality, and whether so employed or not, were equally liable. If it is the latter it does not arise "out of the employment," because the man is not specially affected by the severity of the weather by reason of his employment.'"

In his argument counsel for the insurer has pointed out that the bags of fabric were not cold; that the petitioner's hands would be but little closed when he handled them; that after he had pushed the truck off the boat his hands were free while he was walking back to get another load and that he had ample opportunity to swing his arms and keep up his circulation at that time. All these were matters proper to be urged upon the board and to be considered by them in passing upon the question of fact upon which they had to pass. But they are not matters which are decisive of the question of law which we have to decide, namely, whether on the evidence as a whole the board were warranted in finding (as they did find) that the petitioner was exposed to "materially

greater danger and likelihood of getting frozen than the ordinary person or outdoor worker on the date" in question.

Although the question is a close one, we are of opinion on the whole that the evidence before the board warranted the finding made by them. For a case where a finding was made in favor of an employee who had suffered from frostbite, and where the "Appellate Court" refused to overturn the decision, see *Canada Cement Co.* v. *Pazuk,* 22 K. B. 432.

·   *Decree affirmed.*

*J. T. Connolly,* (*M. J. Mulkern* with him,) for the insurer.
*W. H. Sullivan,* for the employee, submitted a brief.