Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ABRAHAM DAYS, Respondent, for Compensation under the Workmen's Compensation Law, v. S. TRIMMER & SONS, INC., Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

Workmen's Compensation Law — injuries to employee of coal dealer by freezing his hands and feet, resulting in ulcers — accidental injuries — consecutive awards.

Where an employee of a coal dealer while carrying coal on a very cold and stormy day had all his fingers and toes frost bitten as a result of which ulcers developed on the third and fourth fingers of both hands, and the first and second fingers of the right hand had to be amputated, he will

be deemed to have sustained accidental injuries arising out of his employment within the meaning of the Workmen's Compensation Law. Awards in such a case for ten weeks for the disability occasioned by the injuries to the third and fourth fingers of both hands, for the further and subsequent period of forty-six weeks for the loss of his right first finger and for the further and subsequent period of thirty weeks for the loss of his right second finger were consecutive and not concurrent, and were justified.

APPEAL by the defendants, S. Trimmer & Sons, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 29th day of May, 1916.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for the State Industrial Commission, for the respondents.

LYON, J.:

The employer, S. Trimmer & Sons, Inc., was a coal dealer. As such it delivered coal by wagons, and carried coal into the houses of its customers. The claimant was employed as a helper. It was his duty to assist the driver in the care of the horses and in carrying coal. February 15, 1916, was a very cold and stormy day, and while the claimant, wearing only a pair of cheap gloves, was engaged in carrying coal, all his fingers and toes were frost bitten. As a result of such frost bites ulcers developed on the third and fourth fingers of both hands, and the first and second fingers of the right hand were so badly injured as to necessitate amputation. The Commission found that by reason of the injuries to the third and fourth fingers of both hands, the claimant was disabled from working for the period of twelve weeks from February 15, 1916, irrespective of the injuries to and the amputation of the first and second phalanges of the right hand and awarded claimant compensation for ten weeks for the disability occasioned by the injuries to the third and fourth fingers of both hands, for the further and subsequent period of forty-six

weeks for the loss of his right first finger, and for the further and subsequent period of thirty weeks for the loss of his right second finger. From such award this appeal has been taken.

Appellants contend that frost bites are not accidents, and that claimant did not sustain accidental injuries within the meaning of the Workmen's Compensation Law. This is practically the only question involved upon this appeal. In support of their contention appellants cite *Karemaker* v. *S. S.* "*Corsican*" (4 B. W. C. C. 295), and *Warner* v. *Couchman* (Id. 32; affd., 5 id. 177). In those cases the courts held that assuming frost bite to be an accident it was not an accident arising out of the employment. In those cases the court found that the man was not specially affected by the severity of the weather by reason of his employment, and the appellate court held that such finding was one of fact and binding.

Beyond question the injuries sustained by the claimant in the case at bar were accidental within the meaning of the Workmen's Compensation Law. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Moore* v. *Lehigh Valley R. R. Co.*, 169 App. Div. 177.) That the injuries arose out of the employment was fairly a question of fact for the determination of the Commission, and it was fully justified in finding from the evidence that the claimant by reason of his employment in handling wet coal in the storm was specially affected by the severity of the weather. The awards were consecutive and not concurrent, and were justified by our decision in *Marhoffer* v. *Marhoffer* (175 App. Div. 52).

The award should be affirmed.

Award unanimously affirmed.