## STATE EX REL. VIRGINIA & RAINY LAKE COMPANY v. DISTRICT COURT OF ST. LOUIS COUNTY AND OTHERS.[1]

October 12, 1917.

No. 20,594.

**Workmen's Compensation Act — freezing.**

1. Freezing is a personal injury caused by accident within the meaning of the Workmen's Compensation Act.

**Same — finding sustained by evidence.**

2. A workman froze his thumb while working as a swamper. His work required him to cut and handle timber and his hands came in contact with the snow. His work was several miles from camp and there were no facilities for warming. The weather was severely cold. A finding that the freezing arose out of the employment is sustained by the evidence.

Upon the relation of the Virginia & Rainy Lake Company the supreme court granted its writ of certiorari, directed to the district court

[1] Reported in 164 N. W. 585.

for St. Louis county, to review the proceedings in that court, Hughes, J., under the Workmen's Compensation Act brought by Joe Niemi, as employee, against relator, as employer. Affirmed.

*Edward L. Boyle, J. F. Boyle* and *E. J. Kenny,* for employee.

*Abbott, MacPherran, Lewis & Gilbert,* for relator.

DIBELL, C.

Certiorari to review the judgment of the district court of St. Louis county awarding compensation under the Workmen's Compensation Act to Joe Niemi, an employee of the relator, Virginia & Rainy Lake Company. The injury for which the award was made was the freezing of the employee's thumb which resulted in its amputation. The questions are these:

(1) Whether freezing is a personal injury caused by accident within the meaning of the compensation act.

(2) If so, whether the accident arose out of the employment within the meaning of the act.

1. The statute exacts from the employer compensation "in every case of personal injury or death of his employee, caused by accident, arising out of and in the course of employment." G. S. 1913, § 8203. The term "accident" is defined as follows:

"The word 'accident' as used in the phrases 'personal injuries due to accident' or 'injuries or death caused by accident' in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault and producing at the time injury to the physical structure of the body." G. S. 1913, § 8230 (h).

That freezing is a personal injury within the meaning of the compensation act is not open to question. McManaman's Case, 224 Mass. 554. 113 N. E. 287; Larke v. John Hancock Mut. Life Ins. Co. 90 Conn. 303, 97 Atl. 320, L.R.A. 1916E, 584. Nor is it to be questioned that within the statutory definition it is an "unexpected and unforeseen event," nor that it is an event "producing at the time injury to the physical structure of the body." It has been held an accident within a statute giving compensation in case of an accidental injury but not defining accident. Days v. S. Trimmer & Sons, 176 App. Div. 124, 162 N. Y. Supp. 603;

Canada Cement Co. v. Pazuk, 22 Quebec K. B. 432, 12 D. L. R. 303, 7 N. C. C. A. 982. So has a sunstroke which affords a helpful though not perfect analogy. Ismay, Imrie & Co. v. Williamson [1908] A. C. 437, 42 Ir. L. T. 213; Morgan v. S. S. "Zenaida," 2 B. W. C. C. 19; Davies v. Gillespie, 5 B. W. C. C. 64. The difficult question is whether the requirement that the event be one "happening suddenly and violently" excludes it. Freezing comes suddenly and violently as distinguished from gradually and naturally or in ordinary course. In common talk a sudden or violent death is one occurring unexpectedly and not naturally or in the ordinary course of events. In some such sense the words are used in the statute. Their effect is not to exclude from accidental injuries all except such as result from physical force applied from without. It is suggested in argument that these particular words with others employed in the same connection were used in caution to exclude occupational and other diseases. Whether such is their effect is not for decision here. We think that a fair construction of the statutory definition does not exclude freezing and we hold that it is a personal injury caused by accident within the meaning of the act.

2. It is not questioned that the employee received his injury in the course of his employment. It is contended that it did not arise out of his employment. It is not enough that it occurred while work was in progress. It must have arisen under such circumstances that a causal connection is traceable between the employment and the freezing and the freezing must be more than a consequence, shared by the community in general, of exposure to cold.

The freezing occurred in January, 1916. The workman was employed by the relator as a swamper in the woods in the northern part of St. Louis county. He was cutting and handling timber and making roads for swamping. He used an ax, handled the timber with his hands, and they came in contact with the snow. The weather was severely cold. He was some 4 or 5 miles from camp. There were no facilities for warming. The building of fires was not permitted. The evidence fairly sustains the view that the character of the employee's work subjected him to a risk of freezing not shared by the generality of the community and sustains the finding that the freezing arose out of the employment. In the following cases, all involving injuries by freezing, findings that the

freezing arose out of the employment were sustained. McManaman's Case, 224 Mass. 554, 113 N. E. 287; Larke v. John Hancock Mut. Life Ins. Co. 90 Conn. 303, 97 Atl. 320, L.R.A. 1916E, 584; Days v. S. Trimmer & Sons, 176 App. Div. 124, 162 N. Y. Supp. 603; Canada Cement Co. v. Pazuk, 22 Quebec K. B. 432, 12 D. L. R. 303, 7 N. C. C. A. 982. In the following, findings that it did not were sustained: Warner v. Couchman [1911] 1 K. B. 351; Karemaker v. S. S. "Corsican," 4 B. W. C. C. 295.

The general question of what constitutes an accident arising out of employment has had consideration by this and other courts. See State v. District Court of St. Louis County, 129 Minn. 176, 151 N. W. 912; State v. District Court of Ramsey County, 129 Minn. 502, 153 N. W. 119, L.R.A. 1916A, 344; Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913, 159 N. W. 565; 1 Bradbury's Workmen's Compensation, 398, et seq.; 1 Honnold, Workmen's Compensation, § 101, et seq.; note L.R.A. 1916A 40; notes Ann. Cas. 1913C, 4; Ann. Cas. 1914B, 498; Ann. Cas. 1916B, 1293; 25 Harvard Law Rev. 401, 517. The case in review does not call for a discussion of the cases. It is enough to say that the finding that the injury was an accident arising out of the employment is sustained.

Judgment affirmed.

BUNN, J. (dissenting).

I am not clear that it can be fairly said that freezing comes "suddenly and violently."