Ellingson L. Co. v. Industrial Comm. 168 Wis. 227.

ELLINGSON LUMBER COMPANY and another, Appellants, vs.
INDUSTRIAL COMMISSION OF WISCONSIN and another,
Respondents.

*November 7—December 3, 1918.*

*Workmen's compensation: Injury by freezing: Exposure increased
by nature of services: "Caused by accident."*

1. Under the statute, compensation is not given for an injury re-
sulting from exposure to a hazard (such as freezing) which
is not peculiar to the industry or substantially increased by
reason of the nature of the services which the employee is
required to perform.
2. The causative danger need not have been foreseen or expected,
but after its event it must appear to have had its origin in a
risk connected with the employment and to have flowed from
that source as a rational consequence.
3. Where, by reason of a misunderstanding of orders, a woods-
man was, on a very cold day, obliged to work harder than
usual in getting out logs for hauling, and as a result his feet
became wet from perspiration and froze as he returned to
camp, it is *held* that the exposure to injury by freezing was
substantially increased by reason of the nature of the services
he was obliged to perform, and that the injury was prox-
imately caused by accident within the meaning of sub. (3),
sec. 2394—3, Stats.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Workmen's compensation. This action was begun to set
aside an order of the *Industrial Commission* dated Decem-
ber 1, 1917, awarding to defendant *Beaulieu* certain com-
pensation, on the ground that the finding of the *Commission*
that the injuries suffered by the defendant *Beaulieu* were
proximately caused by accident was not supported by the
evidence.

The defendant *Beaulieu* was employed by the plaintiff
lumber company as a woodsman, and at the time of his in-
jury was engaged as a swamper and was working about one
and three-quarters miles from the camp. On the morning
of the day of the accident the weather was from twenty to

twenty-six degrees below zero, moderated during the day, and grew colder again toward night.   In the afternoon the defendant *Beaulieu* went to work at the wrong skidway. About 3 o'clock in the afternoon the foreman discovered the error, at which time the defendant returned to the right skidway, found that they were behind on account of the mistake, and the defendant *Beaulieu* says that as a result he "rushed to get some logs ahead ready for the next morning, and by that time my feet sweat awful hard.   About 5 o'clock I got ready to go to camp, and it was all ice from the woods clear up to camp, and my feet was wet and was awful cold that night, and before I got to camp I commenced to feel cold on my feet . . . and afterwards found that they were frozen hard."

Upon this and other testimony to the same effect the *Commission* found that the defendant *Beaulieu* sustained personal injury resulting in his disability while in the employ of the plaintiff lumber company and while performing service growing out of and incidental to his employment; that such injury was proximately caused by accident; and other formal findings.   An order was entered awarding the defendant *Beaulieu* compensation, and from the judgment of the circuit court affirming such order the plaintiffs appeal.

For the appellants there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman*, assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J.   Plaintiffs claim that an injury by a frost bite is not an injury proximately caused by accident within the meaning of sub. (3), sec. 2394—3, Stats.

"Section 2394—3.   Liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death,

in those cases where the following conditions of compensation occur:

"(1) . . .

"(2) . . .

"(3) Where the injury is proximately caused by accident, and is not intentionally self-inflicted."

The facts being undisputed, the question is, Has the employee, *Beaulieu*, brought himself within the provisions of the act under the doctrine approved by this court in the case of *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996? See cases cited. Injuries to employees for which compensation is to be paid under the workmen's compensation act are such as are incidental to and grow out of the employment. Compensation is not given for an injury resulting from exposure to a hazard which is not peculiar to the industry or substantially increased by reason of the nature of the services which the employee is required to perform.

Injury by freezing is certainly not peculiar to the industry in which the defendant *Beaulieu* was engaged. Did the nature of *Beaulieu's* employment expose him to a hazard from freezing which was substantially increased by reason of the services which he was required to perform? It has been well said that the causative danger need not have been foreseen or expected, but after its event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence. *McNicol's Case*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306.

On the day in question, by reason of the mistake, the defendant *Beaulieu* worked harder than he ordinarily did, as a result of which his feet became wet from perspiration, a circumstance which made them much more susceptible to cold, and as a consequence thereof his feet were frozen. It seems clear that the hazard to which the defendant *Beaulieu* was exposed was one which was incident to and can be fairly traced to his employment as a contributing cause and

that he would not have been equally exposed to such a hazard apart from his employment. If the defendant *Beaulieu* while engaged in his work had wet his feet by stepping into an open spring and the freezing had resulted therefrom, it could scarcely be claimed that the injury was not proximately caused by accident. In this case the condition of his feet was due to extra exertion caused by reason of a misunderstanding as to orders. Because there would be no logs for hauling in the morning, he was required to put forth an unusual and extra effort which made him more susceptible to cold than he otherwise would have been. It is clear that the exposure of the defendant *Beaulieu* to injury by freezing was substantially increased by reason of the nature of the services which he was obliged to render. We think it must be held that the injury for which compensation was awarded was proximately caused by accident within the meaning of sub. (3), sec. 2394—3, Stats.

*By the Court.*—Judgment affirmed. Costs to be taxed against the appellants in favor of the respondent *Beaulieu*.

OWEN, J., took no part.