Before State Industrial Commission, Respondent.

In the Matter of the Claim of Henry Quick, Respondent, for Compensation under the Workmen's Compensation Law, *v.* The Fred E. Illston Ice Company, Employer, and Ice Dealers Mutual Insurance Company, Insurance Carrier, Appellants.

Third Department, March 2, 1921.

**Workmen's Compensation Law — accidental injury — freezing of hands — exposure at low temperature while cutting ice — when failure to give notice not prejudicial.**

The freezing of one's hands while engaged in floating ice by the aid of a pike pole, at a time when the thermometer registered fourteen degrees below zero, is an accident within the meaning of the statute.

That defendants were prejudiced by notice which gave them inadequate time to procure evidence, on a second hearing, was not shown, where the insurance carrier was represented at the hearing in question and made no

suggestion of the point now urged, or at least asked for no adjournment for the purpose of procuring evidence which, if produced, could change the result.

APPEAL by the defendants, The Fred E. Illston Ice Company and another, from an award of the State Industrial Commission made on the 7th day of May, 1920.

*James W. Smith,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The claimant suffered injuries to both his hands while engaged in floating ice by the aid of a pikepole, on the 31st day of January, 1920. The thermometer at the time of the injury registered fourteen degrees below zero, and the accident is found to have been due to the necessity of holding on to the pikepole in such a manner as to expose the claimant to an added hazard. His fingers were frozen and the Commission has allowed an award for a period of ten and one-third weeks. This court is committed to the proposition that the freezing of one's hands while engaged in a hazardous employment is an accident within the meaning of the Workmen's Compensation Law. (*Days* v. *Trimmer & Sons, Inc.,* 176 App. Div. 124; *Hernon* v. *Holahan,* 182 id. 126; *Campbell* v. *Clausen-Flanagan Brewery,* 183 id. 499, 500; *Richardson* v. *Greenberg,* 188 id. 248, 252.)

The suggestion that the defendants were prejudiced by a notice which gave them inadequate time to procure evidence, on a second hearing, need not be very seriously considered. The insurance carrier was represented at the hearing in question and made no suggestion of the point now urged, or at least asked for no adjournment for the purpose of procuring evidence which, if produced, could change the result.

The award should be affirmed.

Award unanimously affirmed.