(No. 6070.   April 11, 1934.)

WESTON T. RILEY, Respondent, v. BOISE CITY, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[31 Pac. (2d) 968.]

Thos. J. Jones, Jr., for Appellants.

William A. Johnston, for Respondent.

BUDGE, C. J.—From a judgment of the district court reversing an award of the Industrial Accident Board in favor of the employer, Boise City, and the surety, State Insurance Fund, and directing an award in favor of the claimant, this appeal is prosecuted. The claimant sought compensation because of disability for work resulting from frost-bite of a portion of his left foot. Briefly, the record discloses that on December 11, 1932, claimant as a patrolman on the Boise City police force patrolled "Beat No. 2" between the hours of 8 A. M. and 4 P. M. During the day the temperature gradually arose from four below zero at 8 A. M. to eleven above at 3 P. M. and then decreased to eight above at 4 P. M. Claimant's longest period of exposure was the last hour of his tour of duty, during wh;ch time he walked continuously for a distance of about twenty blocks turning on alley lights. Claimant then went directly home, riding a bus for about fifteen minutes and then walking an additional five minutes, arriving home about 4:20. Upon removal of his shoes and stockings immediately after

arriving at his home he discovered that his left foot was frozen. Two traffic policemen and one other patrolman on duty on December 11, 1932, suffered no frost-bite. The findings of fact and rulings of law of the Industrial Accident Board were in part as follows:

"That as a result of the frost bite to his toe, the claimant has been totally disabled for work since the 11th day of December, 1932, and is now so totally disabled for work. . . . .

"That the claimant's disability for work is not the result of a personal injury by accident arising out of and in the course of his employment with the defendant, City of Boise."

The district court on appeal ordered "that such further evidence as may be necessary be taken by the board in order to determine the amount of said award . . . . that the board modify and amend its findings . . . . in conformance to the court's findings."

■ Appellants' first specification of error is to the effect that the evidence is insufficient to justify a finding that the claimant received an accidental injury while in the course of his employment. It is contended that the evidence was not such as to leave no room for a possibility that the frost-bite was sustained at some time other than when claimant was on duty, and is exemplified by the language of appellants' brief reciting: "The said claimant and respondent herein could have frozen his foot as well off duty as on duty." The applicable rule in cases under the Workmen's Compensation Act is stated in *Roe v. Boise Grocery Co.*, 53 Ida. 82, 21 Pac. (2d) 910, and *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068, as follows:

"In case of claims under the Workmen's Compensation Law, if the accident is one whose happening cannot be fixed as of a specific date it is sufficient to establish such time with reasonable certainty."

■ In a civil case, facts need not be established beyond a reasonable doubt. In a civil action, it is sufficient if the evidence on the whole supports the hypothesis which it is

produced to prove. (*Roe v. Boise City Grocery Co., supra; McNeil v. Panhandle Lumber Co., supra.*)

■ "There are very few things in human affairs, and especially in litigation involving damages, that can be established to such an absolute certainty as to exclude the possibility, or even some probability, that another cause or reason may have been the true cause or reason for the damage rather than the one alleged by the plaintiff. But such possibility, or even probability, is not to be allowed to defeat the right of recovery, where the plaintiff has presented to the jury sufficient facts and circumstances surrounding the occurrence as to justify a reasonable juror in concluding that the thing charged was the prime and moving cause." (*Adams v. Bunker Hill etc. Min. Co.*, (on rehearing), 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844.)

■ The law does not anticipate or attempt to exclude mere possibilities. Claimant testified that when he went home there was no feeling in his foot and he first discovered that his foot was frozen some twenty minutes after relief from duty. It would hardly seem logical to contend that claimant froze his foot at some other time and place than while on his beat in view of the uncontradicted evidence as above stated and in view of the further fact that we think it may be conceded that a portion of claimant's foot was actually frozen. We are of the opinion that there was sufficient competent evidence to support the court's findings that claimant's injury resulted from the freezing of claimant's foot during the tour of duty.

■ Appellants' second assignment of error is that the district court erred in ruling as a matter of law that the claimant received any compensable injury. In other words, whether injury from freezing of claimant's foot, arising out of and in the course of his employment, is an accident under the Workmen's Compensation Act. In *Reinoehl v. Hamacher Pole etc. Co.*, 51 Ida. 359, 6 Pac. (2d) 860, the authorities defining "accident" are reviewed and the conclusion is reached that the injury there sustained was an accident "since it was, in the ordinary and popular sense of the term, an unlooked for mishap which was neither ex-

pected nor designed.'' The rule would seem to be, supported by the weight of authority, that injury by freezing is an accidental injury, within the meaning of the Workmen's Compensation Act. (See annotation of cases, 13 A. L. R., p. 974.)

Appellants' last assignment of error is as follows:

''That the District Court erred in ruling as a matter of law that the claimant is entitled to any compensation whatsoever under the Idaho Workmen's Compensation Act. And the District Court should have ruled that the claimant was not exposed to any additional hazards than were his co-employees; and that the said injury did not arise out of and in the course of the said claimant's employment.''

Appellants in support of the above assignment of error call attention to a certain line of cases wherein the general proposition is announced that in order that injury from freezing be compensable under the Workmen's Compensation Act the workman must be exposed to a greater danger of freezing than other persons in the same locality are subjected. In *Taylor v. City Ice & Fuel Co.*, (Mo. App.) 56 S. W. (2d) 812, 813, cited and quoted from by appellants the rule is thus stated:

''If an employee, because of his duties, is exposed to a special or particular danger from the elements, such as heat, cold, lightning or wind storms, . . . . danger that is greater than that which other persons in the community are subject . . . . . , an injury resulting from such exposure is compensable. If the character of the employment is such as to intensify the risk, the resulting injury is compensable. But if it is the normal risk merely which causes the accident, the accident does not arise out of the employment.''

An examination of the cases cited by appellants discloses that they, as a matter of fact, are in harmony with the rule that if an employee, by reason of his duties, is exposed to a special or peculiar danger from the elements,—that is, one greater than other persons in the community,—and an unexpected injury is sustained by reason of the elements, the injury constitutes an accident arising out of and in the course of the employment, within the meaning of the

Workmen's Compensation Act. (*McManaman's Case*, 224 Mass. 554, 113 N. E. 287; *Larke v. John Hancock Mut. L. Ins. Co.*, 90 Conn. 303, 97 Atl. 320, L. R. A. 1916E, 584; *State ex rel. Nelson v. District Court*, 138 Minn. 260, 164 N. W. 917, L. R. A. 1918F, 921; *State ex rel. Virginia & R. L. Co. v. District Court*, 138 Minn. 131, 164 N. W. 585; *Quick v. Fred E. Illston Ice Co.*, 195 App. Div. 676, 186 N. Y. Supp. 690; *Days v. S. Trimmer & Sons*, 176 App. Div. 124, 162 N. Y. Supp. 603.) In *Ellingson Lumber Co. v. Industrial Com.*, 168 Wis. 227, 169 N. W. 568, a woodsman went to work in the wrong place, and, upon finding it out, worked harder than ordinarily so that logs would be ready for skidding, as a result became wet from perspiration and more susceptible to cold and as a consequence froze his feet. The injury was held proximately caused by an accident, the court saying that the exposure was substantially increased by reason of the nature of the services he was obliged to perform. In *Nikkiczuk v. McArthur*, 9 Alberta L. R. 503, 28 D. L. R. 279, Stuart, J., said:

"Simply because you can discover or describe a class of workmen who are generally exposed to such a risk, and find the applicant to be one of that class, seems to me to be no valid reason for refusing him compensation, or for saying that his injury did not arise out of his employment. People who are not employed at all do not kick around in the snow when it is 60 below zero. People who are employed as waiters in a comfortable hotel are not exposed to frostbite. Neither are judges, for example, nor lawyers, nor railway superintendents. It was because he was so employed that the applicant was exposed to the risk, and I see no reason for excluding his case from the words of the statute because you can discover other people whose employment similarly exposed them. Upon that principle no man could recover if you could show that a group of other people were exposed in the course of their employment to similar risks. The man would have to be a *rara avis* indeed, on such a doctrine, before he could succeed."

The record discloses that the claimant's duty as such patrolman on "Beat No. 2" was the patrolling of certain

streets and alleys, during all of which time he was exposed to the elements, the temperature at all times being below freezing. It was because he was so employed, and due to his exposure, that he suffered injury by the freezing of part of his left foot. It was his duty, and he was required in the performance thereof, to patrol his beat, and during the last hour there was no alternative left to him, as the evidence discloses, but to spend his entire time outside engaged in turning on alley lights over a territory of some twenty blocks. Therein lies the distinction between the cases cited by appellant and the rule herein announced. (*Zeier v. Boise Transfer Co.*, 43 Ida. 549, 254 Pac. 209.) In the instant case the claimant was exposed to additional hazards or danger of suffering injury by freezing than that which other persons in the community were subject. There was sufficient competent evidence from which the district court was justified in finding that claimant's exposure was substantially increased by reason of the nature of the services he was obligated to perform, a special and peculiar danger from the elements, greater than that of ordinary persons in the community, and constituting an accident arising out of and in the course of his employment.

The judgment is affirmed.

Givens, Morgan, Holden and Wernette, JJ., concur.