New Jersey Department of Labor,
Workmen's Compensation Bureau.

CLARENCE FOGG v. VAN SAUN COAL COMPANY,
INCORPORATED.

Decided July 10th, 1934.

For the petitioner, *Lester H. Fox.*

For the respondent, *James J. Skeffington.*

As to whether or not freezing or frostbite are injuries arising out of and in the course of employment, there is an apparent conflict of authorities.

Under the New Jersey act, citing *Bryant* v. *Fissell,* 86 *Atl. Rep.* 458, to warrant a recovery, it must appear that the injury was caused by

(a) an accident,

(b) arising out of, and

(c) in the course of the employment.

This case further defines an accident as "an unlooked for mishap or untoward event which is not expected or designed."

For an accident to arise out of and in the course of employment, it must be from a risk reasonably incidental to the employment.

A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service, and that such risk may be either an ordinary risk directly connected with the employment or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment.

Does frostbite come within this definition and is it such an extraordinary risk as to hold disabilities due thereto compensable?

In *Warner* v. *Couchman* (*L. R.*—1911), 1 *K. B.* 351, it was held that a journeyman baker, who in his rounds delivered bread to his master's customers on a cold day, had his hand frostbitten, was not injured "by accident arising out of his employment."

Lord Cozen-Hardy, master of the rolls, in expressing his opinion in part states, "that in the present case there was nothing in the nature of the applicant's employment which exposed him to more than the ordinary risk of cold to which any person working in the open air was exposed on that day.

In this particular case it is most interesting to note the opinion of the dissenting Lord Justice Moulton Fletcher, who, after reviewing the facts in the case, states in part that the applicant can indicate the day, time, circumstances, and place in which it occurred, so it bears no similarity to an industrial disease.

The *dictum* of Lord McLaren in the Scotch case of *Stewart* v. *Wilson & Clyde Coal Co.* (1902), 5 *Fraser* 120, covers "if a workman in the reasonable performance of his duties sustains a physiological injury as a result of the work he is engaged in this is an accidental injury in the sense of the statute."

In France the Court of Cessation has held that as a rule the statute of April 9th, 1908, does not cover accidents due to the force of nature even though they occur in the course of the employment. Nevertheless if the employment has contributed to the bringing into play of these forces, or has provoked or aggravated its effects then the accident falls within the statute.

Thus as a general principle, the employer is not responsible for damages caused to his workmen by lightning, storm, sunstroke, freezing, earthquake, floods, &c. These are considered *"force majesture,"* which human vigilance and industry can neither forsee nor prevent. The victim must bear alone such

burden, inasmuch as human industry has nothing to do with it and inasmuch as the employe is no more subject thereto than any other person.

Loubar (LeRisque Professional No. 504) states this is what Mr. Leon Say called "the great professional risk of humanity." See 1 *Schneider, Workmen's Compensation Laws* (23d ed.) 1107, 1108.

A perusal of the various cases covering frostbite and freezing reflects that the authorities are by no means in full harmony on the subject and we find some states holding frostbite .as compensable and others holding an opposite opinion.

In New Jersey we have the case of *Sullivan* v. *Clark*, 3 *N. J. Mis. R.* 924, which held frostbite compensable on the ground that if "a risk is common to all, such as frostbite, but the circumstances of the employment subjects the workman to a special hazard such as excessive exposure, it is compensable.

In the Essex Common Pleas it was held that accidents due to the elements such as lightning, heat or cold, where the risk is general and equally applicable to everyone in the locality it is not to be deemed a risk incidental to the employment. See *Chance* (3d ed.) 21.

Reference here is made to *Burke* v. *Ballentine*, 38 *N. J. L. J.* 105. The *dicta* in this case states in part "that if there is some circumstances peculiar to the employment which subjected the workman to great danger from the severity of the elements than would ordinarily be incurred by others not engaged in that particular employment; the accident does arise out of the employment."

In *Lapsada* v. *Public Service Railway*, 38 *N. J. L. J.* 102, it was held that petitioner was a casual employe and the question of compensability not discussed.

The outstanding case in New Jersey is that of *Kauffeld* v. *G. F. Pfund & Sons*, 97 *N. J. L.* 335; 116 *Atl. Rep.* 487. In this case the same principal as promulgated in the case of *Larke* v. *John Hancock Mutual Life Insurance Co.*, 97 *Atl. Rep.* 320, is held to govern "that when the employment brings

a greater exposure than that to which persons generally in that locality are exposed, injury or death resulting therefrom, such injury or death does arise out of the employment."

Under the caption of *"force majesture"* we have lightning, earthquake, storms, floods, sunstroke, freezing, &c. The later two can be considered hazards within the contemplation of the employer. Unlike lightning and the other forces of nature they are gradual in their development and ones to which exposure thereto can be usually contemplated.

Was the petitioner subject to any greater exposure than to which persons generally in that locality are exposed would appear to be the present rule but with this I disagree in so far as frostbites are concerned. If one hundred men are working in a factory and one is struck by a falling beam should he be denied compensation because his hazard was not any greater than the other ninety-nine? It is true on the day in question there were hundreds of employes subject to the same exposure who were not subject to frostbite, should this then act as a precedent in determining whether or not compensation should be paid to one who did receive disability due to same?

Is frost bite "an unlooked for mishap or untoward event" such as to come within the definition of accident? Freezing comes suddenly and violently as distinguished from gradually and naturally or in ordinary course. An unlooked for mishap or untoward event is one occurring unexpectedly and not naturally or in the ordinary course of events. Freezing is such an untoward event which in my opinion brings same within the statute and is compensable providing as the dissenting Lord Justice in the Warren *v.* Couchman case heretofore referred states that injured persons can refer to day, time, circumstance and place.

In the case *sub judice,* petitioner, Clarence Fogg, was helper on coal truck. On morning of December 29th, 1933, he began work at eight A. M.; made five or six trips in auto car with driver, petitioner delivering the coal. He wore two pairs of gloves. Driver would enter home of customer to have delivery receipt signed and collect for coal delivered while petitioner remained outside.

United States weather reports for that particular day in territory in which petitioner was employed read as follows: eight A. M., one below; nine A. M., three below; ten A. M., two below; eleven A. M., one below; twelve noon, zero; one P. M., four above. When petitioner went to lunch he found fingers frozen. Petitioner, by competent testimony, clearly shows all the required elements as to time, place, day and circumstance and I therefore am holding his case as compensable.

This case is in every way similar to *Days* v. *Trimmer & Sons,* 176 *N. Y. App. Div.* 124; 162 *N. Y. Supp.* 603.

I am, therefore, setting this matter for hearing for the purpose of taking medical testimony to determine what disability petitioner has sustained.

JOHN C. WEGNER,
*Referee.*