NICHOLAS LAUDENKLOS, JR., APPELLEE, V. DEPARTMENT OF
ROADS AND IRRIGATION OF THE STATE OF NEBRASKA ET AL.,
APPELLANTS.

271 N. W. 790

FILED FEBRUARY 26, 1937.   No. 30050.

*William H. Wright, Attorney General, Daniel Stubbs* and *Paul P. Chaney,* for appellants.

*Robins & Yost, contra.*

Heard before GOSS, C. J., DAY, PAINE and CARTER, JJ., and TEWELL and YEAGER, District Judges.

GOSS, C. J.

On a trial before the district court the appellee was awarded compensation for disability for a period and in an amount, including his doctor bills, stipulated to be correct if the decree should be affirmed here. The employer has appealed on the theory that the employee did not sustain an injury arising out of his employment so as to entitle him to the benefits of the workmen's compensation law.

On February 16, 1936, the employee froze one of his hands while helping with about a dozen others to shovel snow from highway No. 91, east of the village of Dodge. He was warmly dressed, having two pairs of double flannel gloves on his hands. The gang had begun shoveling at 8 o'clock in the morning about a quarter of a mile east of town. They removed the deepest snow so as to make a roadway about eight feet wide. The snow removed varied in depth from one to eight or nine feet. They had progressed eastward to a point about two miles from town and were shoveling at the top of a grade, with a northeast wind, when his fingers were found to be frozen and he was taken home by the foreman. Before starting to work that morning the employee testified he had read the thermometer on the post office at Dodge and it indicated fifteen degrees

below zero. Fred Hahn, government weather observer, testified that at Fremont that day it was fifteen below zero at 7 o'clock in the morning, six below at noon and eight below at 6 o'clock at night. It is inferable from the evidence that the claimant was in good health and was not susceptible to the influence of cold by reason of any bodily impairment. None of his coworkers was frozen on that particular day.

We have had no previous freezing cases determined under the compensation law. We have had several heat prostration or sunstroke cases. The general rule applied in such cases is that "Heat prostration may be a compensable accident, under the workmen's compensation law, if the workman is subjected to a greater hazard from the heat than that to which the public generally in that locality is subject." *Herbert v. State,* 124 Neb. 312, 246 N. W. 454; *McNeil v. Omaha Flour Mills Co.,* 129 Neb. 329, 261 N. W. 694. The same rule was applied to "snow blindness." *Hayes v. McMullen,* 128 Neb. 432, 259 N. W. 165. In these cases the accident or injury was held to arise out of and in the course of employment because the employee was found to be subject to a greater hazard than the public generally in the same locality. But in *Gale v. Krug Park Amusement Co.,* 114 Neb. 432, 208 N. W. 739, an employee, injured by reason of a tornado or cyclone, was held not to be under the protection of the compensation law because the tornado or cyclone affected every one alike in similar circumstances.

So, for precedents in cases produced by cold, we must look to other jurisdictions having provisions similar to our own.

In *Ferrara's Case,* 269 Mass. 243, 169 N. E. 137, a driver, collecting ashes and taking them to a dump on a cold windy day (the temperature not given) lost fingers due to injuries caused by frost-bites. It is true that the men started a fire at the dump and were told by the boss not to do it. It was held that the employee was in fact exposed to greater danger than the ordinary outdoor worker and was entitled to compensation.

In *McManaman's Case*, 224 Mass. 554, 113 N. E. 287, the opinion affirms a judgment finding that a longshoreman, whose fingers were frozen while he was working at his regular occupation of unloading a steamer at a pier when the thermometer stood at four degrees below zero, was entitled to compensation and that the injury was one arising out of his employment; that he was exposed "to materially greater danger and likelihood of getting frozen than the ordinary person or outdoor worker on the date in question."

In *Larke v. Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 97 Atl. 320, the employee "froze his nose and the tissues adjacent thereto and then suffered a frost-bite. There was evidence that the day was very cold" (temperature not stated). As a result the employee contracted erysipelas and died. The evidence, which we omit reciting, satisfied the court that the freezing and frost-bite arose out of and in the course of the employment and "exposed him to the severity of the weather and to the danger of frost-bite very much more than the ordinary person in that locality was exposed." The judgment of the trial court was affirmed, awarding compensation for the death of the employee.

In *Gibbons v. United Electric Railways Co.*, 48 R. I. 353, 138 Atl. 175, Gibbons claimed and received an award of compensation for injuries received resulting in amputation of phalanges of two toes, one on his right foot and one on his left. The employee was required to work constantly for 24 hours. It might be said that this circumstance differentiated him from the general public.

Freezing may constitute an accidental injury within the meaning of the New York workmen's compensation law. *Quick v. Illston Ice Co.*, 195 App. Div. 676, 186 N. Y. Supp. 690; *Days v. Trimmer & Sons, Inc.*, 176 App. Div. 124, 162 N. Y. Supp. 603.

In *Riley v. Boise City*, 54 Idaho, 335, 31 Pac. (2d) 968, claimant was required as a patrolman to walk his beat from 8 a. m. to 4 p. m. It was four below at 8 a. m., eleven above

at 3 p. m. and decreased to eight above at 4 p. m. His longest period of exposure was the last hour during which he walked continuously for twenty blocks, turning on alley lights, after which he rode home on a bus for fifteen minutes and walked the last five minutes, arriving home about 4:30. Upon removing his shoes and stockings immediately, he discovered that his left foot was frozen. Two traffic policemen and one other patrolman on similar duty suffered no frost-bite. The court affirmed the judgment awarding compensation, arguing that claimant's hazard was increased over others because of the circumstances and that his injury therefore arose out of his employment.

The foregoing authorities suffice to indicate that the courts in the other jurisdictions have held rather uniformly that in freezing cases the evidence will be considered with some liberality before applying to it the rule that, if others than the one claiming compensation do not receive any disability, whether merely in the same locality and therefore subject to the same temperatures, or whether even engaged upon the same work, it must follow that one who is actually disabled is without benefit from the compensation law.

The evidence was brief. It showed, however, that Laudenklos was traveling toward the east while shoveling snow; that when it was discovered that he had frozen his hand he was at the top of an incline and the cold was intensified by a wind from the northeast; that while the foreman testified that he had a heater in his car where any of the workmen might go for warmth, the witness admitted that he did not tell Laudenklos or any others of the fact. So far as the evidence shows, Laudenklos did not know of the heater. The circumstance that one who is shoveling keeps his hand gripped around the handle of the shovel and that those who were doing the work on the day in question were working in the face of the wind at the time the freezing of Laudenklos had manifested itself (even though his associates were not frozen) proves that the members of this shoveling gang were surrounded by quite different circumstances from others in the same locality who might be

free to change their direction so as to avoid the northeast wind or the circulation of whose fingers would not be obstructed by their grip on a shovel. Freezing comes on insidiously. On such a day as the one on which this occurred it might affect only one. Though the evidence shows it did affect another on a previous day. In the opinion in *Fogg v. Van Saun Coal Co., Inc.*, 12 N. J. Misc. 680, 174 Atl. 419, which held a frost-bitten hand subject to the compensation act, the writer of the opinion denies the application of the rule that, if one is frozen and others are not, the one is refused compensation. He well says: "If one hundred men are working in a factory and one is struck by a falling beam should he be denied compensation because his hazard was not any greater than the other ninety-nine?"

We are of the opinion that the injury to claimant was compensable. It is a general rule that exposure to cold, resulting in injury, is not compensable if it is the same as that to which the general public is exposed. But the rule as applied to the facts in this case is as follows: Evidence *held* to require affirmance of the district court's finding that employee's exposure to cold was special, peculiar danger, greater than that of the general public in the same locality, so that freezing of his hand constituted an "accident arising out of and in the course of his employment."

The judgment of the district court is

AFFIRMED.