Williams, J.
 

 Accidental injuries due to the elements or forces of nature have been held compensable when suffered by employees .exposed to a greater hazard by virtue of their employment than were other persons in the locality.
 
 Industrial Commission
 
 v.
 
 Carden,
 
 129 Ohio St., 344, 195 N. E., 551;
 
 Industrial Commission
 
 v.
 
 Hampton,
 
 123 Ohio St., 500,
 
 176 N.
 
 E., 74;
 
 Slanina
 
 v.
 
 Industrial Commission, 117
 
 Ohio St., 329, 158 N. E., 829; 42 Ohio Jurisprudence, 657, Section 70. This principle has been applied to accidental injuries from freezing when the exposure to cold weather which the employee was compelled to undergo in his employment was a risk greater than that encountered generally by others exposed to the cold in the particular community.
 
 Larke
 
 v.
 
 Hancock Mutual Life Ins. Co.,
 
 90 Conn., 303, 97 A., 320;
 
 Gibbons
 
 v.
 
 United Electric, Rys. Co.,
 
 48 R. I., 353, 138 A., 175;
 
 McManaman’s Case,
 
 224 Mass., 554, 113 N. E., 287;
 
 State, ex rel. Virginia & Rainy Lake Co.,
 
 v.
 
 District
 
 
 *443
 

 Court,
 
 138 Minn., 131, 164 N. W., 585;
 
 State, ex rel. Nelson,
 
 v.
 
 District Court,
 
 138 Minn., 260, 164 N. W., 917. Compare
 
 Brady
 
 v.
 
 Oregon Lumber Co.,
 
 118 Ore., 15, 245 P., 732;
 
 Ellington Lumber Co.
 
 v.
 
 Industrial Commission,
 
 168 Wis., 227, 169 N. W., 568;
 
 Eagle River Building & Supply Co.
 
 v.
 
 Industrial Commission,
 
 199 Wis., 192, 225 N. W., 690.
 

 In weighing the hazard to the employee in comparison with others simila.rly situated to determine whether injury by freezing is an accidental happening warranting the allowance of compensation, his peculiar amenability to frostbite either from an idiosyncracy or physical weakness of his own or from the insufficiency of clothing or other protection or from other circumstances under which he was compelled to work, are subjects of inquiry. In the instant case the plaintiff, being peculiarly susceptible to frostbite on account of the sensitiveness of his feet due to their previous freezing, was forced out into the cold continuously for a long period of time in servicing cars that came to the filling station for that purpose. The freezing was a fortuitous event peculiar to the situation in which the plaintiff found himself by reason of his employment. Plaintiff’s hazard was therefore different from that of people generally who happened to be out of doors in the locality. Under the circumstances the trial court was warranted in finding that the injury by freezing was sustained in the course of and arose out of plaintiff’s employment.
 

 On this finding of the trial court the plaintiff is entitled to a final judgment herein allowing him to participate in the State Insurance Fund for the freezing of the left foot unless his claim therefor is barred by lapse of time.
 

 The controlling question, therefore, is whether the trial court committed error in rendering judgment for the defendant on the sole ground that plaintiff’s claim was barred by the statutory limitation of two years
 
 *444
 
 fixed by Section 1465-72®, General Cade, which provides :
 

 “In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct.”
 

 It will be observed that this provision does not require the application to be in writing; in fact it has been held that in asserting a claim against a self-insuring employer the employee’s application may be oral.
 
 Tyler Co.
 
 v.
 
 Rebic,
 
 118 Ohio St., 522, 161 N. E., 790. Moreover it is not contended that there is any statute requiring the application to state the full extent of injuries. In fact it often happens that the claimant does not know, at the time of his application, how badly he is hurt. The intent of the Workmen’s Compensation Law appears to be to allow full scope to the commission in inquiring into the injuries and determining the amount of compensation to which the claimant is entitled so as to avoid injustice.
 

 Under Section 1465-91, General Code, which applies to all stages of the proceedings before the commission except the rehearing, the commission is not bound by any technical or formal rules of procedure. Surely under this rule of liberality an application need not set out all the facts necessary to show that claimant is entitled to compensation or to show the full extent of the injury or disability.
 

 When an employee makes an application to the commission for compensation it is the duty of the commission to inquire whether there is causal connection between the employment and the injury, and, if it finds there is, to assume jurisdiction and determine the extent of the disability directly caused by the injury. In awarding compensation the commission is not limited to injury specified in the application but is
 
 *445
 
 required to base the award upon all injuries sustained in the particular accident for which claim is made. Any other course would result in depriving many injured employees of compensation to which they are entitled.
 

 In order that complete justice might be meted out to every claimant for compensation broad authority was given to the commission. When that body once assumes jurisdiction of a claim for injury of an employee in the course of his employment, that jurisdiction is continuing with power to make such modification of its former findings from time to time as it may deem justified subject only to the ten-year limitation prescribed in Section 1465-86, General Code. Under the application of this principle it is established that a supplemental application or application for modification of an award to secure compensation for a subsequently developing disability may be filed after the expiration of the two-year period.
 
 Humphries
 
 v.
 
 Wheeling Steel Corp.,
 
 132 Ohio St., 263, 7 N. E. (2d), 230;
 
 Metal Specialty Co.
 
 v.
 
 Gregory,
 
 128 Ohio St., 452, 191 N. E., 701;
 
 State, ex rel. Griffey,
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 27, 180 N. E., 376;
 
 Industrial Commission
 
 v.
 
 Klaff,
 
 123 Ohio St., 451, 175 N. E., 697. Compare
 
 State, ex rel. Cezkovsky,
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 434, 185 N. E., 807. In none of these cases, however, was the contention made that the subsequent disability arose out of an injury not described in the original application.
 

 It is logical then to inquire whether actual amendment of the original application was essential and to determine the effect of filing an application to modify the award. The plaintiff did make application to ‘amend the original application at the rehearing before the commission and if such amendment were held to be necessary there seems to be no reason why it could not be made after the two-year period. A petition in a civil action may be amended after the running of the
 

 
 *446
 
 statute of limitation provided the cause of action is not changed, upon the theory that the amended pleading relates hack to the commencement of the action.
 
 Louisville & Nashville Rd. Co.
 
 v.
 
 Greene, Admx.,
 
 113 Ohio St., 546, 149 N. E., 876. Under this rule a petition may be amended after the statutory period by the averment of additional injuries. If a petition, which is governed by the more or less technical rules of pleading, may be so amended,
 
 a fortiori,
 
 an application for compensation not governed by technical rules may be.
 

 Ordinarily there is no need for an amendment or for a new application where the original application is wrong or incomplete, and the commission has taken jurisdiction of the claim but has not yet made an award; but occasions may arise in which an amendment may be necessary by reason of a mistake or incompleteness in the original application. In such cases an amended application or an amendment to the application may be filed.
 

 Amendment in civil actions, however, is somewhat different from the amendment in compensation proceedings. The amendment of a pleading may ordinarily be made only on leave of court in furtherance of justice; on the contrary the claimant, by reason of the continuing jurisdiction of the commission, may as a matter of course make new applications from time to time to invoke the action of that administrative body in the exercise of that jurisdiction so as to do justice to the claimant.
 

 In addition to the request to amend, the plaintiff sought what was in effect the same end by his application for modification based on the freezing of the left foot, for such an application is in reality in the nature of an amendment to the original application when the1 former is based on injuries which were not mentioned in the latter but were actually sustained in the original accident. Giving a liberal construction to all the statutory provisions, we are forced to the conclusion that,
 
 *447
 
 when the application for compensation is filed and the commission takes jurisdiction, that jurisdiction is to continue as to all injuries which grew out of the original accidental injury whether fully specified in the original application or not and that after jurisdiction attaches it is continuous as to all injuries an,d disabilities caused thereby for the full ten-year period prescribed by Section 1465-86, General Code.
 

 In the instant case the continuing jurisdiction of the commission gave it authority and imposed on it the duty to determine the extent of the disability arising from accidental injury by freezing in the one occurrence upon which the original application was based; and when subsequent disability developed in plaintiff’s left foot he could by way of amendment make a supplemental application or an application for modification of the award in the same proceeding claiming such disability was directly caused by the original injury without any actual amendment or change of the original application by setting out an injury to the left foot as well as to the right foot. To hold otherwise would be to apply technical rules to the application and deny continuing jurisdiction.
 

 Since the finding of facts made by the trial court shows as a matter of law that plaintiff is entitled to further participate in the State Insurance Fund by reason of the freezing of his left foot, the judgments of the courts below are reversed and the cause is remanded with directions to render judgment in favor of the plaintiff and to enter an order for attorney fees.
 

 Judgments reversed.
 

 Day, Myers and Hart, JJ., concur.